Reed v. Railroad.

REED *v.* CINCINNATI, N. O. & T. P. RY. Co.

(*Knoxville.*   September Term, 1916.)

**LIMITATION OF ACTIONS.** Successive suit.   Statute.

Shannon's Code, section 4446, declares that if the action is com-
menced within the time limited, but judgment or decree is ren-
dered against plaintiff upon any ground not concluding his right
of action, or where judgment or decree is rendered in favor of
plaintiff, and is arrested, or reversed on appeal, plaintiff may
from time to time commence a new action within one year after
the reversal or arrest.   In December, 1911, plaintiff filed a suit
against defendant for personal injuries, and in April, 1913, after
trial and a mistrial, plaintiff entered a voluntary nonsuit in-
stituting within a few days thereafter suit in the federal district
court, in May, 1915, again taking a voluntary nonsuit.   There-
after, within a few days, plaintiff instituted a third suit.   *Held,*
that the third suit, limitations having run, was barred, not fall-
ing within the exception of the statute for the bringing of an
indefinite number of actions within a year after nonsuit in the
last previous action is not authorized.

Cases cited and approved: Cole v. Mayor, 45 Tenn., 639; Railway
Co. v. Pillow, 56 Tenn., 248; Parkes v. Clift, 77 Tenn., 524;
Iron Co. v. Broyles, 95 Tenn., 612; Hughes v. Brown, 88 Tenn.,
578; Sweet v. Electric Co., 97 Tenn., 252; Hooper v. Railroad,
106 Tenn., 28; Hooper, Adm'r. v. Railroad, 107 Tenn., 715; East
Tennessee Coal Co. v. Daniels, 100 Tenn., 65; Coal Co. v. Minton,
117 Tenn., 415; Swift v. Warehouse Co., 128 Tenn., 102; Fox
v. Smith, 130 Tenn., 611; Railroad v. Bolton, 134 Tenn., 447;
Anderson v. Bedford, 44 Tenn., 464.

Cases cited and distinguished: Railway v. Pillow, 56 Tenn., 248.

Code cited and construed: Sec. 4446 (S.).

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —NATHAN L. BACHMAN, Judge.

J. B. SWAFFORD and W. B. MILLER, for appellant.

ALLISON, LYNCH & PHILLIPS, for appellee.

MR. EVANS, Special Judge, delivered the opinion of the Court.

On December 5, 1911, plaintiff below filed a suit at Dayton in the circuit court of Rhea county against defendant railroad company for damages for personal injuries. On April 19, 1913, after the case had been tried and a mistrial had, plaintiff entered a voluntary nonsuit. Within a few days thereafter he instituted another suit upon the same cause of action in the district court of the United States, at Chattanooga, where there were two trials. The first resulted in a mistrial, and at the conclusion of the second, on May 10, 1915, plaintiff took a voluntary nonsuit.

Thereafter, on May 20, 1915, the plaintiff instituted the present suit in the circuit court at Chattanooga.

It will thus be seen that all three of plaintiff's actions were filed in different courts, and that the present suit was instituted more than four years after the injury complained of, and more than two years after the voluntary nonsuit was entered in the circuit court of Rhea county, at Dayton.

The defendant railway company filed a plea setting up the statute of limitations, to which the plaintiff filed a replication relying upon the facts above stated and setting up section 4446 of Shannon's Code, which is as follows:

"If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest."

To this replication the defendant filed a demurrer, which was sustained by the circuit court, and plaintiff's suit dismissed. Upon appeal to the court of civil appeals the judgment of the circuit court was affirmed, and the case has been brought to this court by the writ of *certiorari*.

Under the first assignment of error it is insisted that section 4446 of Shannon's Code, above quoted, gives a plaintiff the right to file any number of successive suits upon the same cause of action; that

a new action may be commenced by a plaintiff within one year after voluntary nonsuit entered in the next preceding case, without regard to lapse of time or the number of actions previously filed, or the number of courts in which those actions have been instituted, just so long as each new action is commenced within one year from the date of the previous nonsuit.

The statute relied on by plaintiff in error has been considered by this court in the following cases: *Cole* v. *Mayor,* 5 Cold., 639; *Railway Company* v. *Pillow,* 9 Heisk., 248; *Parkes* v. *Clift,* 9 Lea, 524; *Iron Co.* v. *Broyles,* 95 Tenn., 612, 32 S. W., 761; *Hughes* v. *Brown,* 88 Tenn., 578, 13 S. W., 286, 8 L. R. A., 480; *Sweet* v. *Electric Co.,* 97 Tenn., 252, 36 S. W., 1090; *Hooper* v. *Railroad,* 106 Tenn., 28, 60 S. W., 607, 53 L. R. A., 931; *Hooper, Adm'r,* v. *Railroad,* 107 Tenn., 715, 65 S. W., 405; *East Tennessee Coal Co.* v. *Daniels,* 100 Tenn., 65, 42 S. W., 1062; *Coal Co.* v. *Minton,* 117 Tenn., 415, 101 S. W., 178; *Swift* v. *Warehouse Co.,* 128 Tenn., 102, 158 S. W., 480; *Fox* v. *Smith,* 130 Tenn., 611, 172 S. W., 317; *Railroad* v. *Bolton,* 134 Tenn., 447, 184 S. W., 9; and *Anderson* v. *Bedford,* 4 Cold., 464, distinguished in *Coal Co.* v. *Minton,* supra.

The exact question here presented has not been decided in any of the cases above cited, but we cannot agree that it was the purpose of the statute to perpetuate litigation indefinitely in the manner contended for by plaintiff in error.

In *Railway* v. *Pillow,* 9 Heisk., 248, the statute was held to apply to a case in which plaintiff had entered a voluntary nonsuit, but the court there said:

"The new action in such case must be brought within one year after the termination of the action, which was commenced within the time limited by law for the bringing of such action, so that the indefinite succession of suits on the same cause of action cannot result from the construction given to the act, as suggested by counsel."

We agree that the act should be given a liberal construction in furtherance of its purpose, and this court so held in *Railroad* v. *Bolton,* 134 Tenn., 450, 184 S. W., 9, but, as above stated, we do not think its purpose was to provide a means for a continuous and unending litigation upon the same cause of action, wholly at the option of the plaintiff.

The statute was clearly intended for the benefit of a plaintiff whose case had for some reason, for which he should not be made to suffer, been dismissed without a hearing on the merits, and we think the true construction of the act is, as stated in *Railroad* v. *Pillow,* supra, that the new suit, or any subsequent suit, must be instituted within one year after the termination of the action that was brought "within the time limited" by the statute of limitations.

It is, of course, possible for a case to arise where the new action authorized by the statute, after remaining on the docket without a hearing for more than a year from the termination of the original

suit, might be dismissed at the trial by the court itself upon some ground not involving the merits, and under circumstances which would work a great hardship upon the plaintiff if he had no right to institute still another action. The court has considered the possibility of such a situation arising, but that case is not before us for determination. We are content to rest our decision upon the facts of the case before us, and we hold that the third action filed by plaintiff in error on May 20, 1915, was barred by the statute of limitations.

It is unnecessary to discuss in detail the other assignments of error made in the case. We have considered them and think they are without merit.

It results that there is no error in the judgment of the court of civil appeals, and same is affirmed.