PEARL TURNER *v.* N. C. & ST. L. RAILWAY.

(*Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

DIETZEN, GRAHAM, DIETZEN & BROCK, of Chattanooga, for plaintiff in error.

SPEARS, REYNOLDS, MOORE & REBMAN, of Chattanooga, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

There are two questions involved in this lawsuit. The first is whether or not we should change the rule of statutory construction, adopted by this Court in *Reed v. Cincinnati, N. O. & T. P. R. Co.*, 136 Tenn. 499, 190 S. W. 458, 459, of Code Section, Williams' Annotated Code, Sec. 8572. The second question is whether or not there has been such fraudulent concealment of necessary and pertinent facts on the part of the Railroad Company as would authorize the present action.

Mrs. Turner filed this suit on October 5, 1954, for herself and her two minor children suing the Railroad

Company for negligently killing her husband and their father. This declaration averred that the accident occurred on December 13, 1951. To this declaration the defendant demurred pleading the one year statute of limitations, Williams' Annotated Code Section 8595. After this demurrer was filed the plaintiff by various amendments charged additionally that on August 19, 1952, or within one year from the time of the accident, she filed suit in the Circuit Court of Franklin County, Tennessee. She averred also that she took a nonsuit in this case, that it was not tried on its merits, on April 29, 1953 and that thereafter in August of 1953, she filed another suit involving the same question in the same court, that is, the Circuit Court of Franklin County, Tennessee, which she says was likewise dismissed without prejudice on August 27, 1954. She then says that after this dismissal of August, 1954, the present suit was filed. She alleges in her declaration that she could not get the necessary and sufficient factual information on which to proceed with these previous trials and that it was only a few days before the filing of the present suit that she found the witness in Chattanooga where she obtained sufficient information to proceed against the Railroad Company. Of course it is charged in the declaration that she had made a diligent search for these witnesses who knew how her husband met his death but that she could not find any and that was the reason that she had not brought any of the previous suits to trial.

She charges that after the death of her husband she immediately began an investigation, and that she had received information that there was some person existing who was in the defendant's railroad car with her husband when it left Chattanooga for Cowan, Tennessee,

at the time that he met his death, and knew of the facts of the situation; that the representatives and agents of the defendant who were on duty at the time were asked and refused to give any information to those representing her; that she had continued her investigation from the time of her husband's death until this present suit was filed and had not been able to get information until just a few days before this suit was filed as aforesaid.

The demurrer filed in the first instance was refiled as to the amended declaration. The trial judge sustained this demurrer and dismissed the suit. An appeal was seasonably prayed and perfected to this Court where able briefs have been filed and we now have the matter for disposition.

■ Code Section, Williams' Annotated Code Sec. 8572, among other things provides that if an action has been commenced within the period of the statute of limitations but has had to be dismissed on some ground not concluding the right of action or has been reversed, etc., "as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest." In the only case to reach this Court on the interpretation of the quoted part of the statute this Court in *Reed* v. *Cincinnati, N. O. & T. P. R. Co.,* supra, held that:

"The statute was clearly intended for the benefit of a plaintiff whose case had for some reason, for which he should not be made to suffer, been dismissed without a hearing on the merits, and we think the true construction of the act is, as stated in [Memphis & C.] R. Co. v. Pillow, supra [56 Tenn. 248], *that the new suit, or any subsequent suit, must be instituted within one year after the termination of the action that was brought* 'within the time

limited' by the statute of limitations.'' (Italics ours.)

The factual situation in the Reed case which brought about this holding was that in December of 1911 the plaintiff in that suit had filed his suit and in April 1913, after a trial, had taken a voluntary nonsuit and instituting within a few days thereafter another suit in the Federal Court and thereafter in May, 1915, he had taken a voluntary nonsuit in this Federal Court suit. Thereafter within a very few days he instituted the suit upon which the court held as above, that is, that this third suit not having been filed within one year from the time of the taking of the first nonsuit was barred as not falling within the exception of the statute for bringing an indefinite number of actions within a year after nonsuit. This Court since the time of the Reed case (September Term, 1916) has not seen fit to modify the holding in the Reed case. Prior to the Reed case the Court of Civil Appeals in *Boyce* v. *Southern Ry. Co.*, 5 Tenn. Civ.App. 140, held that where a plaintiff in a personal injury case has taken a nonsuit in his first action, he must institute his next or any subsequent suit within a year of dismissal of the first action. That any suit brought more than one year after dismissal of the first action is barred, notwithstanding it may be within a year from the last nonsuit of a series of suits. As far as we can determine and find this Civil Appeals case has not been reversed or modified. This Court did not take cognizance of the Civil Appeals case in the reported case of *Reed* v. *Cincinnati, N. O. & T. P. R. Co.* The case of *Memphis & C. R. Co.* v. *Pillow*, supra, cited in the above quotation from the Reed case will be found in 56 Tenn. 248. Any subsequent citation of the Reed case has met the approval of this Court. Probably the one wherein it has met the fullest

discussion is that of *Moran* v. *Weinberger,* 149 Tenn. 537, 260 S. W. 966.

■ Of course it is argued here, and very ably, that the Reed case is only applicable to the facts of that particular case while in the present case there are extenuating circumstances as outlined above wherein this rule should not apply and that since the present action was instituted within one year from the taking of the last nonsuit which was some three years after the cause of action took place that then the parties should have a right to maintain this action. We have very carefully considered this question and this very able argument but are unable to see where the rule as adopted in the Reed case, supra, should be so modified under the facts and circumstances as set forth in the declaration herein. Litigation should have some terminus and clearly in the absence of a better reason than the fact that they could not find the witness should not be sufficient reason to allow a party to take numerous nonsuits and reinstitute the action.

■ It is argued on behalf of the plaintiff in error that the Railway Company fraudulently concealed the facts from her so that she could not prepare her case for trial. The allegations of the declaration are:

"The Plaintiff's agents also contacted the officials, agents and representatives of the Defendant who were on duty on the trial involved, but these persons refused to give them any information."

In making this argument of fraudulent concealment she relies upon our case of *Patten* v. *Standard Oil Co.,* 165 Tenn. 438, 55 S. W. (2d) 759. This Court in that case has given a very full discussion of the question of fraudulent concealment. This Patten case was a suit begun some two years after Mrs. Patten's husband's death. To avoid the year statute of limitations she averred that

defendant had fraudulently concealed her cause of action. Her declaration was demurred to and this demurrer was sustained. It was charged in that declaration that the gasoline furnished by the Oil Company was of an inferior quality and that such cause was unknown to plaintiff until about the time she brought her lawsuit; that several of defendant's employees knew the facts; that the defendant enjoined silence upon its employees and therefore the defendant had fraudulently concealed the facts; that the failure to discover these facts within one year was not due to any negligence on her part but was due to the fact that the defendant was fraudulently and effectively concealing them. This Court held that there was no fiduciary or other relationship existing between the parties in the Oil Company case that made it mandatory on the Oil Company to make a disclosure to Mrs. Patten. The Court also held that when a suppression of truth may constitute fraud there must be a suppression of facts which one party is under a legal obligation to communicate to the other and which the other party is entitled to have communicated to him. This case, *Patten* v. *Standard Oil Co.,* supra, is a much stronger case for the plaintiff than is the instant case. We can see no reason at all why the employees of the Railroad Company were under any obligation to tell Mrs. Turner anything about this case. And her apparently only reason for taking these various nonsuits is the fact that she was not able to get the information from some witness or other about the accident. There are certain legal ways and rights that a party can have a discovery in such matters from the opposition. The plaintiff in error did not take advantage of any rights that she might have had. A well written text on the subject will be found in 23 Am. Jur., Fraud and Deceit,

Sec. 77, beginning on page 851. Among other things it is said that:

"As a general rule, to constitute fraud by concealment or suppression of the truth there must be something more than mere silence, or a mere failure to disclose known facts. Where there is no obligation to speak, silence cannot be termed 'suppression', and is not a fraud. Either party may, therefore, be innocently silent as to matters upon which each may openly exercise his judgment."

In a note to this quotation the author cites American Law Institute, Restatement of Torts, Vol. 3, Sec. 551, Comment A, and states:

"Silence concerning matters as to which there is no duty, original or supervening, to divulge, however actionable a positive misrepresentation of such matters may be, and however censurable in foro conscientiae even the withholding of them may be, subjects the party observing silence to no legal liability whatever." Citing cases.

We can see no reason why the employees of the Railroad Company had to make any disclosure to the plaintiff in error.

We have enjoyed working on this matter and it has been of very great interest to us. For the reasons stated though the action of the trial judge must be sustained.