Randal S. BENNETT, Plaintiff/Appellee,

v.

TOWN & COUNTRY FORD, INC.,
Defendants/Appellants.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 22, 1991.

Permission to Appeal Denied by
Supreme Court Sept. 9, 1991.

Henry Clay Barry, Lebanon, William J. Harbison, O'Hare, Sherrard & Roe, Nashville, for plaintiff/appellee.

Phillip North, William B. Jakes, III, Bryan Essary, North & Gideon, Nashville, for defendant/appellant.

## OPINION

CANTRELL, Judge.

In this action the plaintiff seeks to combine the application of Rule 15.03, Tenn. R.Civ.P., and Tenn.Code Ann. § 28-1-105(a), the "Tennessee Saving Statute", to preserve his action after two voluntary dismissals. We granted permission to appeal under Rule 9, Tenn.R.App.P., to review the trial judge's order overruling the defendant Town & Country Ford's statute of limitation defense. We reverse the trial judge's order and dismiss the action as to Town & Country Ford.

In December of 1985, the plaintiff, Randal S. Bennett, filed a negligence action against three defendants, Blinker–Lite & Barricade Service, Inc., Aaron Woods, and Town & Country Ford, Inc. In February of 1989, the plaintiff voluntarily dismissed Town & Country Ford when Blinker–Lite and Woods stipulated that they were negligent and that their negligence was the proximate cause of the plaintiff's injuries. Later, when the plaintiff sought to amend his complaint to increase the amount sued for, Blinker–Lite and Woods were allowed to withdraw their stipulation of liability. The plaintiff then got permission from the court, on September 29, 1989, to amend his complaint again to bring Town & Country Ford back into the action. On July 30, 1990, the plaintiff voluntarily dismissed the action against all three defendants. He then refiled the action on August 28, 1990 against all defendants.

Town & Country Ford filed a motion to dismiss claiming the statute of limitations had run. Their motion was based on the fact that the original statute of limitations ran on January 1, 1986 and the one-year period provided by the savings statute ran from the time of the first dismissal on February 14, 1989. The trial judge held that the amended complaint reviving the action against Town & Country Ford in September of 1989 related back to the time the original complaint was filed—making it one filed within the original period of limitations. Thus, when the plaintiff took the second non-suit on July 30, 1990, the saving statute preserved the action for one additional year.

Rule 15.03 governs the "relation back" of amended pleadings, providing a way to sue a defendant after the statute of limitations has run. The savings statute, on the other hand, allows a plaintiff to refile against a defendant after the statute

of limitations has run when the original suit ends for some reason not going to the merits—provided the action that came to an inconclusive end began within the original limitation period. *Turner v. Nash. C. & St. L. R.R.*, 199 Tenn. 137, 285 S.W.2d 122 (1955). The relation back holding is necessary to save the plaintiff's cause of action because the savings statute only applies to cases brought "within the time limited by a rule or statute of limitations," Tenn.Code Ann. § 28-1-105(a); it cannot be extended by successive voluntary dismissals. *Turner, supra* at 141, 285 S.W.2d 122; *Reed v. Cin., N.O. and T. Railroad Co.*, 136 Tenn. 499, 190 S.W. 458 (1916); *Memphis & C. R.R. v. Pillow,* 56 Tenn. 248 (1872).

Thus, the case turns on whether the amendment on September 29, 1989 related back to the filing of the original complaint. Rule 15.03 provides that amendments adding a claim or defense arising out of the conduct, transaction, or occurrence described in the original complaint automatically relate back to the original filing. Where, however, the amendment changes the party against whom a claim is asserted, the amendment relates back only if the party added by amendment had notice of the claim within the applicable statute of limitations and knew or should have known that but for a misnomer or other similar mistake the action would have been brought against him.

■ Therefore, to relate back the amendment adding Town & Country Ford as a party in September of 1989 must show a misnomer or other similar mistake. In our examination of the record, we cannot find any element of misnomer or mistake in this case. The dismissal of Town & Country Ford was taken freely and voluntarily because the plaintiff had a stipulation that the other two defendants were negligent. Only when the plaintiff lost that stipulation by moving to increase the ad damnum did the plaintiff reinstitute the action against Town & Country Ford. We do not think Rule 15.03 applies to these facts.

The absence of a mistake is what distinguishes this case from *Floyd v. Rentrop*, 675 S.W.2d 165 (1984), the case relied upon by the trial court. In *Floyd,* the plaintiffs sued the right defendant but, because they mistakenly believed the harm was caused by another defendant, they voluntarily dismissed the first. More than a year later they discovered the mistake and amended the complaint to name the original defendant. The Supreme Court held that Rule 15.03 made the amendment relate back because the defendant obviously had notice within the original statute of limitations and he knew that he had been dismissed because of the plaintiffs' mistake. The Court also held that even though the amendment was more than one year from the original dismissal and the saving statute would not aid the plaintiffs, it was not necessary to rely on the saving statute since the amendment would relate back under Rule 15.03.

■ Since the amendment in September of 1989 did not relate back to the original complaint, the action against Town & Country Ford was not one brought within the original period of limitations. Thus, the savings statute did not apply to the action voluntarily dismissed on March 30, 1990, and the plaintiffs' action against Town & Country Ford is barred by the statute of limitations.

The judgment of the court below is reversed and the cause is dismissed as to Town & Country Ford. The cause is remanded to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellee.

TODD, P.J., and KOCH, J., concur.

## ADDENDUM

TOWN & COUNTRY FORD

BLINKER LITE

AARON WOOD

One Year Period Under
T.C.A. §28-1-105(a)

12/20/85
(Plaintiff
filed cause
No. 83C-3292)

1/1/86
(Statute of
Limitations
under T.C.A.
§28-3-104 expires;
accident occurred
12/31/84)

2/14/89
(Plaintiff's first
nonsuit; T.C.A.
§28-1-105(a)'s one
year grace period
begins)

9/29/89
(Plaintiff allowed
to amend complaint
to recommence claims
against T&C Ford)

2/15/90
(One year grace
period of T.C.A.
§28-1-105(a)
expires)

7/30/90
(Plaintiff's
second nonsuit
dismissing all
defendants)

8/28/90
(Plaintiff files
cause No. 90C-2863)