# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

Nov. 9, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

NATHANIEL LILLARD and wife )
PELINDA LILLARD, )
                         )
      Plaintiffs/Appellants, )
                         )    Davidson Circuit
                         )    No. 94C-2716
VS.                    )
                         )    Appeal No.
                         )    01-A-01-9506-CV-00268
RICHARD H. PINCKLEY and )
COURIER PRINTING CO., INC., )
                         )
      Defendants/Appellees. )

APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE BARBARA N. HAYNES, JUDGE

For the Plaintiffs/Appellants:

Lionel R. Barrett, Jr.
Nashville, Tennessee

For the Defendants/Appellees:

Brenda M. Dowdle
Lassiter, Tidwell & Hildebrand
Nashville, Tennessee

**AFFIRMED AND REMANDED**

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves the dismissal of a nine-year-old personal injury action stemming from a collision between a truck and an automobile that was part of a funeral procession. The driver of the automobile and his wife filed suit in the Circuit Court for Davidson County against the owner and driver of the truck. Following two non-suits, the plaintiffs filed their third complaint more than five years after taking their first non-suit. The trial court granted the defendants' motion for summary judgment based on the statute of limitations. The plaintiffs assert on this appeal that the trial court's decision is inconsistent with the "spirit" of the savings statute as recently construed by the Tennessee Supreme Court. We affirm the summary judgment and also find that this appeal is frivolous. Accordingly, we remand the case for the determination of damages for a frivolous appeal.

## I.

Nathaniel Lillard was driving in a funeral procession on November 25, 1985 when his automobile was struck by a truck owned by Courier Printing Company that was being driven by Richard H. Pinckley. Mr. Lillard and his wife were injured in the collision, and their automobile was damaged. On November 25, 1986, Mr. Lillard and his wife filed suit against Courier Printing and Mr. Pinckley seeking compensatory and punitive damages.

The Lillards filed a notice of voluntary dismissal on March 10, 1989, and the trial court entered an order on March 22, 1989, dismissing their complaint without prejudice and assessing the costs against them. The Lillards filed their second complaint on March 12, 1990; however, their lawyer filed a second notice of voluntary dismissal on August 20, 1993. The trial court entered an order dismissing the complaint and taxing the costs on August 23, 1993.

The Lillards filed their third complaint against Courier Printing and Mr. Pinckley on August 22, 1994. Courier Printing and Mr. Pinckley filed a properly

supported motion for summary judgment asserting that the Lillards' claim was time-barred. The Lillards conceded that the existing judicial construction of the savings statute supported the defendants' motion but asserted that the Tennessee Supreme Court had heard argument in a case that would overrule these precedents.[1] The trial court granted the summary judgment on April 11, 1995.

## II.

We turn first to the brief filed on behalf of the Lillards. The brief itself states that "[t]he Brief of the Plaintiffs/Appellants in this case is largely identical to the Brief submitted to this Court in the _Cronin_ case, which is pending before the Tennessee Supreme Court." The statement is sadly correct. In fact, the argument section of the Lillards' brief is essentially a verbatim copy of the brief filed with the Eastern Section on Ms. Cronin's behalf on December 28, 1993.

The Lillards' lawyer played no role in the trial or appeal of _Cronin v. Howe._ He is using other lawyers' work in an unrelated case to advance the interests of his clients in this case. While he made several cosmetic changes in the text of Ms. Cronin's brief, he did not remove references to Ms. Cronin[2] or to the medical malpractice statute of repose.[3] He even mischaracterized his own clients' claim

---

[1] The Lillards were referring to _Cronin v. Howe._ The Eastern Section held that the savings statute did not apply to medical malpractice actions that were nonsuited and refiled beyond the three-year statute of repose for medical malpractice actions. _Cronin v. Howe_, App. No. 03-A-01-9310-CV-00379, 19 T.A.M. 13-8 (Tenn. Ct. App. March 3, 1994). The Tennessee Supreme Court granted Ms. Cronin's application for permission to appeal on June 13, 1994 and heard oral argument on January 3, 1995. On September 5, 1995, the Court held that the savings statute permitted Ms. Cronin to voluntarily dismiss and then refile her complaint after the expiration of the medical malpractice statute of repose. _Cronin v. Howe_, App. No. 03-S-01-9406-CV-00053, slip op. at 10-11, 20 T.A.M. 37-3 (Tenn. Sept. 5, 1995) (For Publication).

[2] The brief states on page 18 that "[i]n the instant case, Ms. Cronin filed the suit . . . well within the statute of limitations and the statute of repose."

[3] The brief states on page seven that "[p]laintiffs Lillard cannot be denied their right to a fair trial simply because their lawfully refiled cause of action fell outside the statute of repose." In addition, it cites to Tenn. Code Ann. § 29-26-116 (1980) on page eleven and argues on page eighteen that "[t]he mere fact that the more restrictive medical malpractice statue of repose exists does not necessarily indicate that the legislature intended to eliminate the rights of medical malpractice patients."

as a "malpractice action."[4]  Of course, neither Ms. Cronin nor the three-year statute of repose for medical malpractice actions has anything to do with the Lillards' cause of action in this case.

Copying the work of another lawyer in an unrelated case is unacceptable. It evinces disrespect for one's client, for this court, and, more importantly, for the law itself.  It also calls into serious question whether the lawyer is competently and zealously representing his or her client.  We would normally strike the brief and direct its author to submit a new one more consistent with the type of work we expect from the members of the bar of this court.  However, we see no need to require rebriefing in this case because this appeal is patently frivolous.

### III.

The General Assembly recognized very early in our state's history that diligent plaintiffs should have an opportunity to renew lawsuits that were dismissed for any reason not concluding their right of action.  Today, Tenn. Code Ann. § 28-1-105(a) (Supp. 1995) provides, in part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

This statute, now commonly referred to as the "savings statute," is considered remedial and, thus, is construed liberally to preserve the rights of diligent plaintiffs.  *Kee v. Shelter Ins. Co.*, 852 S.W.2d 226, 228 (Tenn. 1993); *Dukes v. Montgomery County Nursing Home*, 639 S.W.2d 910, 912-13 (Tenn. 1982).  It has never been construed, however, to insulate plaintiffs from their own laches,

---

[4]The brief states on page 15 that "the instant case encompasses a malpractice action under **Tennessee's Medial [sic] Malpractice Review Board and Claims Act of 1975**." (Boldface type in the original brief).

negligence, or other similar fault. *Moran v. Weinberger*, 149 Tenn. 537, 543, 260 S.W. 966, 967 (1924).

The savings statute is not open-ended. By its own terms, it provides a plaintiff with one year within which to refile its action after it has been concluded. The one-year period is the maximum amount of time permitted by the savings statute, and it cannot be extended by successive voluntary dismissals. *Turner v. N. C. & St. L. Ry.*, 199 Tenn. 137, 141, 285 S.W.2d 122, 124 (1955); *Bennett v. Town & Country Ford, Inc.*, 816 S.W.2d 52, 54 (Tenn. Ct. App. 1991). This court held over fifteen years ago that the savings statute would not preserve a third suit for the same cause of action filed more than one year after the second dismissal of the suit. *Payne v. Matthews*, 633 S.W.2d 494, 496 (Tenn. Ct. App. 1982).

The Lillards' lawyer acknowledged in the trial court that the holding of *Payne v. Matthews* would require the dismissal of the Lillards' third complaint. He asserted, however, that the Tennessee Supreme Court would overrule *Payne v. Matthews* when it decided *Cronin v. Howe*. The trial court was apparently not swayed by the lawyer's prediction and determined that the summary judgment was appropriate based on the undisputed facts of the case.

The predictions of the demise of *Payne v. Matthews* proved to be premature. Ms. Cronin had refiled her complaint within one year after her voluntary dismissal. Accordingly, *Cronin v. Howe* involved the relationship between the savings statute and the medical malpractice statute of repose, not the time within which a complaint must be refiled after a voluntary dismissal. The Tennessee Supreme Court held:

> [A] plaintiff who voluntarily non-suits the initial action may rely upon the savings statute and refile within one year of the non-suit, even if the non-suit and the refiling occur beyond the three-year statute of repose.

*Cronin v. Howe*, *supra*, slip op. at 10-11. Nothing in the Court's decision states or even implies that the holding of *Payne v. Matthews* is no longer valid or that plaintiffs could extend the time for refiling their complaints by taking successive voluntary nonsuits.

*Payne v. Matthews* is consistent with the traditional understanding of both the letter and the "spirit" of the savings statute. The statute's purpose is simply to give deserving plaintiffs a "brief period" within which to refile their suit after it has been concluded inconclusively. *Nashville, C. & St. L. Ry. v. Bolton*, 134 Tenn. 447, 455, 184 S.W. 9, 11 (1916), and this "brief period" cannot be extended by successive voluntary dismissals. *Turner v. N. C. & St. L. Ry.*, 199 Tenn. at 141, 285 S.W.2d at 124. The Lillards' opportunity to refile their suit expired on March 22, 1990 - one year after the entry of the order granting their first voluntary dismissal.[5] Thus, their third complaint filed on August 22, 1994, came too late.

## IV.

We affirm the summary judgment and also find that this appeal is frivolous.[6] Its outcome is clearly controlled by *Payne v. Matthews,* and the Tennessee Supreme Court's decision in *Cronin v. Howe* has no bearing on the continuing validity of *Payne v. Matthews.* Accordingly, we award damages for a frivolous appeal to Courier Printing and Mr. Pinckley, including all their costs and expenses on this appeal. We remand the case to the trial court for the assessment of these damages, and we also tax the costs jointly and severally to Nathaniel and Pelinda Lillard for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____

_____

[5]The Tennessee Supreme Court stated in *Rickets v. Sexton*, 533 S.W.2d 293, 294 (Tenn. 1976) that the filing of a notice of voluntary dismissal was all that was required to take a voluntary nonsuit. However, this court later held that the savings statute begins to run from the date of the entry of the order dismissing the suit without prejudice, not from the date of the filing of the notice. *Evans v. Perkey*, 647 S.W.2d 636, 640-41 (Tenn. Ct. App. 1982).

[6]A frivolous appeal is one that is devoid of merit or that has little prospect of succeeding. *Industrial Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Tenn. Code Ann. § 27-1-122 (1980) empowers this court to award reasonable damages, including attorneys fees, for filing a frivolous appeal upon the motion of a party or upon the court's own motion.

HENRY F. TODD, P.J., M.S.

_____

BEN H. CANTRELL, JUDGE