# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 2000 Session

## CLARA FRAZIER v. EAST TENNESSEE BAPTIST HOSPITAL, INC., ET AL.

**Direct Appeal from the Circuit Court for Knox County**
**No. 1-299-98     Dale C. Workman, Judge**

**FILED September 26, 2000**

**No. E2000-00686-COA-R3-CV**

In this medical malpractice case brought by Clara Frazier, as Administratrix of the Estate of Josie Mae Blalock Pickens against East Tennessee Baptist Hospital, Inc., and Mark W. Jackson, M.D., the Trial Court sustained the motion of Baptist Hospital for summary judgment because the order granting an amendment to add Baptist Hospital as a party defendant after a non-suit had earlier been taken, was not timely and exceeded the one year mandated in T.C.A. 28-1-105(a). Ms. Frazier appeals, insisting that Rule 15.03 of the Tenn. R. Civ. P. is applicable and that the amendment related back to the date of the initial filing. We find the Trial Court acted properly and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, joined.

Donna Keene Holt and David E. Waite, Knoxville, Tennessee, for the Appellant, Clara Frazier

R. Franklin Norton, Gary G. Spangler and Jeffrey A. Woods, Knoxville, Tennessee, for the Appellee Baptist Hospital of East Tennessee, Inc.

## OPINION

        This is a medical malpractice suit by Clara Frazier, as Administratrix of the Estate of Josie Mae Blalock Pickens against East Tennessee Baptist Hospital, Inc., and Mark W. Jackson, M. D. The Trial Court sustained Baptist Hospital's motion to dismiss on the ground that the amended complaint, which added Baptist Hospital as a party defendant after having taken a non-suit as to the original complaint, was time-barred because it was not filed within one year of the non-suit as required by T.C.A. 28-1-105(a). (See appendix). The Administratrix appeals, contending the amended complaint adding Baptist Hospital met requirements of 15.03 of the Tenn. R. Civ. P.(see appendix), which sets out the relation-back doctrine.

Because the question presented is one purely of law, our review is *de novo* without any presumption of correctness. <u>Nash v. Mulle</u>, 846 S.W.2d 803, 804 (Tenn.1993).

We now list chronologically the pleadings and orders necessary for a resolution of this appeal:

1. May 8, 1998. Complaint filed by Ms. Frazier against East Tennessee Baptist Hospital, Inc., and Mark W. Jackson, M.D.

2. June 2, 1998. Answer filed by Baptist Hospital of East Tennessee, Inc.

3. August 7, 1998. Plaintiffs' notice of voluntary dismissal as to Baptist Hospital.

4. August 7, 1998. Order dismissing suit against Baptist Hospital without prejudice.

5. August 5, 1999. Motion to amend complaint to name Baptist Hospital as a party defendant again.

6. August 10, 1999. Order granting the foregoing amendment and directing summons to issue as to the amended complaint.

7. September 20, 1999. Motion of Baptist Hospital to dismiss complaint as to it.

8. December 16, 1999. Plaintiffs' motion to amend to name Baptist Hospital of East Tennessee, Inc., as defendant rather than East Tennessee Baptist Hospital, Inc.

9. January 11, 2000. Order granting motion to dismiss and entering judgment in favor of Baptist Hospital, which was made final pursuant to Rule 54.02 of the Tenn. R. Civ. P.

The Administratrix relies upon the case of <u>Floyd v. Rentrop</u>, 675 S.W.2d 165 (Tenn.1984). In that case the complaint was originally filed against John M. Reisser, M.D., and St. Francis Hospital. Before Dr. Reisser filed an answer or otherwise pleaded, a non-suit was taken as to him and an amended complaint filed naming William E. Rentrop, M.D., as a party defendant. Various medical records in the record disclosed that there was a conflict as to who in fact performed the surgery, giving rise to the malpractice action.

The Trial Court denied the motion to amend and an interlocutory appeal was granted by the Trial Judge and the Court of Appeals and, ultimately, the case was accepted by the Supreme Court, which stated the following (at page 167):

> The Court of Appeals, with Judge Nearn dissenting, held that since Dr. Reisser had been sued and non-suit then taken against him, T.C.A. § 28-1-105, commonly known as the saving statute, barred the amendment as so to add Dr.

Reisser, and that any new action taken by the plaintiffs against Dr. Reisser must have been commenced within one year from the taking of the voluntary non-suit on April 6, 1981, citing Turner v. N.C. & St. L. Railway, 199 Tenn. 137, 285 S.W.2d 122 (1955); and Balsinger v. Gass, 214 Tenn. 343, 379 S.W.2d 800 (1964). We think it evident that a majority of the Court of Appeals were of the opinion that since a suit was brought against Dr. Reisser, the filing of the non-suit with respect to him automatically triggered the savings statute. The majority specifically held that Rule 15.03 had no application to the case at bar. If Rule 15.03 is applicable, the fact that Dr. Reisser had once been a party to the suit has no significance to its application in this case, except to show notice of the institution of the suit within the time provided by law.

We are of the opinion that the Court of Appeals erred, that Rule 15.03 T.R.C.P. is applicable to the facts of the case, that the Trial Judge erred in denying the amendment adding Dr. Reisser as a party defendant, and that T.C.A. § 28-1-105 has no application to the case.

T.R.C.P. 15.03 provides that an amended complaint changing the name of a party relates back to the date of the original pleading if three requirements are met: "(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading . . . if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (2) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (3) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him."

Other language of the Rule makes it clear that if the preceding conditions are met, the effect of Rule 15.03 is to avoid the impact of the statute of limitations.

In Karash v. Pigott, 530 S.W.2d 775 (Tenn. 1975), this court recognized this effect, pointing out "[t]he great liberality of this Rule." *Id*. at 777. In Osborne Enterprises v. City of Chattanooga, 561 S.W.2d 160 (Tenn.App. 1977), the Court of Appeals in interpreting the Rule said:

"Rule 15.03 should be liberally construed and applied. It was designed so cases would be determined on their merits and not on rigid technicalities." *Id*. at 163.

The court then went on to state that:

"Although the defendant must now defend a claim which was thought the mere passage of time had barred, statutes of limitations do not afford such an automatic insulation from suit by such a mechanical procedure." *Id.* at 164.

Defendants insist that the outside limits of the statute of limitations applicable to this action would be April 7, 1981, which is one year from the time Mrs. Floyd learned of the cause of her injury. Assuming this to be true, we proceed to apply the three tests of Rule 15.03 to the facts in the record and admitted facts in the brief of appellees.

The amended complaint filed merely adds the name of Dr. Reisser, who had previously been a defendant, and therefore the first condition has been met.

Notice is the critical element involved in determining whether amendments to pleadings relate back. The complaint pending and to which amendment is sought is that complaint which was filed against Dr. John M. Reisser and St. Francis Hospital, Inc. on March 26, 1981. Dr. Reisser, having been served, had actual notice of the institution of the action prior to April 7, 1981. We are not unmindful that a non-suit had been taken against Dr. Reisser on April 6, 1981; nevertheless, he had notice of the transaction or occurrence set forth in the original pleading within the time provided by law for commencing the action. He and Dr. Rentrop have been represented by the same counsel in the case. Under such circumstances, he would not be prejudiced in maintaining his defense on the merits and he knew, or should have known that, but for mistake concerning the identity of the proper party, the action would not have been dismissed as to him and instituted against his partner, who he knew did not perform the surgery on Mrs. Floyd as set forth in the original complaint served upon him.

As to his knowledge of the action instituted against Dr. Rentrop, such knowledge will be imputed to him since it is conceded that Dr. Reisser and Dr. Rentrop are partners. T.C.A. § 61-1-111.

Rule 15.03 being applicable and the effect of the Rule being to avoid the impact of the statute of limitations by letting the amendment relate back to the original filing, the cause of action against Dr. Reisser is not barred by the statute of limitations, and therefore T.C.A. § 28-1-105 (the saving statute) is inapplicable for the reason that no statutory bar exists as to the amendment. Dushan v. Metropolitan Life Insurance Company, 14 Tenn.App. 422 (1931); Balsinger v. Gass, *supra*.

The case relied upon by Baptist Hospital is a Court of Appeals case, Bennett v. Town & Country Ford, Inc., 816 S.W.2d 52 (Tenn. Ct. App. 1991). In that case suit was brought against Town & Country Ford and two other defendants. Thereafter, the plaintiff voluntarily dismissed the

claim against Town & Country Ford because the other two defendants had stipulated that they were negligent and that their negligence was the proximate cause of the injuries to the plaintiff.

Still later, the plaintiff moved to increase the ad damnum clause and the Trial Court permitted the remaining defendants to withdraw their stipulation. Whereupon, a motion was made to again add Town & Country Ford as a party defendant.

This Court found that T.C.A. 28-1-105, rather than Rule 15.03, controlled the result, and in doing so, employed the following language (at page 53):

> Rule 15.03 governs the "relation back" of amended pleadings, providing a way to sue a defendant after the statute of limitations has run. The savings statute, on the other hand, allows a plaintiff to refile against a defendant after the statute {S.W.2d 54} of limitations has run when the original suit ends for some reason not going to the merits -- provided the action that came to an inconclusive end began within the original limitation period. Turner v. Nash. C. & St. L. R.R., 199 Tenn. 137, 285 S.W.2d 122 (1955). The relation back holding is necessary to save the plaintiff's cause of action because the savings statute only applies to cases brought "within the time limited by a rule or statute of limitations," Tenn. Code Ann. § 28-1-105(a); it cannot be extended by successive voluntary dismissals. Turner, *supra* at 141, 285 S.W.2d 122; Reed v. Cin., N. O. and T. Railroad Co., 136 Tenn. 499, 190 S.W. 458 (1916); Memphis & C. R.R. v. Pillow, 56 Tenn. 248 (1872).

> Thus, the case turns on whether the amendment on September 29, 1989 related back to the filing of the original complaint. Rule 15.03 provides that amendments adding a claim or defense arising out of the conduct, transaction, or occurrence described in the original complaint automatically relate back to the original filing. Where, however, the amendment changes the party against whom a claim is asserted, the amendment relates back only if the party added by amendment had notice of the claim within the applicable statute of limitations and knew or should have known that but for a misnomer or other similar mistake the action would have been brought against him.

> Therefore, to relate back the amendment adding Town & Country Ford as a party in September of 1989 must show a misnomer or other similar mistake. In our examination of the record, we cannot find any element of misnomer or mistake in this case. The dismissal of Town & Country Ford was taken freely and voluntarily because the plaintiff had a stipulation that the other two defendants were negligent. Only when the plaintiff lost that stipulation by moving to increase the ad damnum did the plaintiff reinstitute the action against Town & Country Ford. We do not think Rule 15.03 applies to these facts.

The absence of a mistake is what distinguishes this case from <u>Floyd v. Rentrop</u>, 675 S.W.2d 165 (1984), the case relied upon by the trial court. In <u>Floyd</u>, the plaintiffs sued the right defendant but, because they mistakenly believed the harm was caused by another defendant, they voluntarily dismissed the first. More than a year later they discovered the mistake and amended the complaint to name the original defendant. The Supreme Court held that Rule 15.03 made the amendment relate back because the defendant obviously had notice within the original statute of limitations and he knew that he had been dismissed because of the plaintiffs' mistake. The Court also held that even though the amendment was more than one year from the original dismissal and the saving statute would not aid the plaintiffs, it was not necessary to rely on the saving statute since the amendment would relate back under Rule 15.03.

Another case by this Court, <u>Rainey Bros. v. Memphis & Shelby County</u>, 821 S.W.2d 938, 941 (Tenn. Ct. App. 1991), decided by this Court, is helpful in resolving this appeal:

Rule 15.03 sets forth two requirements which must be met in order for an amendment to change the parties against whom the claim is asserted. First, the new parties must have received such notice of the action that they will not be prejudiced in maintaining their defense. See <u>Goss v. Hutchins</u>, 751 S.W.2d 821, 824 (Tenn. 1988); <u>Lease v. Tipton</u> 722 S.W.2d 379, 380 (Tenn. 1986). It is reasonable to assume that the members of the Board were aware of both actions brought by Rainey Brothers before they were made parties to the actions pursuant to the second amended complaints. However, Rule 15.03 requires more than merely that a potential new defendant be aware of the existence of the action prior to being made a party. The second requirement is that each potential new party must have known that but for a misnomer or mistake concerning his or her identity, the action would have been brought against him or her. <u>Lease v. Tipton</u>, *supra*. Furthermore, it has been held that the plaintiff has the burden of showing that the failure to name the new defendants in the original complaint resulted from a mistake concerning the identity of the proper parties. <u>Smith v. Southeastern Properties</u>, 776 S.W.2d 106 (Tenn. App. 1989). A mistake within the meaning of Rule 15.03 does not exist simply because the party who may be liable for conduct alleged in the original complaint was omitted as a party defendant. *Id*. at 109. The circumstances of the case before us do not satisfy the second requirement. Rainey Brothers has failed to show that the Board and its individual members knew that but for Rainey Brothers' mistake, they would have been named as parties to the actions to which they were later added by the second amended complaints. Furthermore, Rainey Brothers has failed to show that the failure to name these defendants in the original complaints resulted from a mistake concerning their identity. The defendants must remain those named in the original pleadings.

Our review of the Rule in question and the foregoing authority addressing it, convinces us that there are two types of amendments that may relate back. The first is one where the claim asserted is not a new cause of action, but rather arose out of the occurrence set forth or attempted to be set forth in the original pleading. The second, which Ms. Frazier asserts is controlling, addresses changing of a party defendant. It is clear to us that in the case at bar there was no "misnomer or other similar mistake."

While it is true that the original complaint transposed some words in the proper name of Baptist Hospital, no objection was made as to this in the answer filed by the Hospital, which specifically states in the caption the correct name--Baptist Hospital of East Tennessee, Inc. Thus, the Hospital made a general appearance using its correct name. Moreover, the amended complaint again used the incorrect name for the Hospital, but the motion to dismiss again uses the correct name. Accordingly, we find no "misnomer or mistake concerning" identity, which would enable Ms. Frazier to claim the benefits of the Rule 15.03.

For the foregoing reasons the judgment of the Trial Court is affirmed and the case remanded for collection of costs below. Costs of appeal are adjudged against Ms. Frazier, as Administratrix, and her surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

**28-1-105. New action after adverse decision - Contractual limitations periods**.--(a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

**15.03 Relation Back of Amendments.**--Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.