IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 17, 2016 Session

## CHRISTINE GREENWOOD v. NATIONAL DENTEX CORPORATION, ET AL.

**Appeal from the Circuit Court for Shelby County
No. CT-001336-15  Jerry Stokes, Judge**
_____

**No. W2015-01889-COA-R3-CV – Filed August 30, 2016**
_____

This is a saving statute[1] case, Tennessee Code Annotated Section 28-1-105.  The trial court dismissed Appellant's third product-liability case, which was filed within one year of the dismissal of her second lawsuit, but more than one year after the entry of the initial nonsuit in Appellant's first lawsuit.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, J. and DAVID R. FARMER, SP. J., joined.

Christine Greenwood, Memphis, Tennessee, *Pro Se.*

Darrell E. Baker, Jr., Deborah Whitt, and M. Jason Martin, Memphis, Tennessee, for the appellees, National Dentex Corporation and Green Dental Laboratories, Inc.

**OPINION**

**I.  Background**

---

[1] *Saving clause* is the preferred form of this phrase generally, and particularly in admiralty law.  We are dealing with statutory construction, not bank accounts, so *saving* is the precise word.  *\*Savings clause* is not an uncommon variant, but it is not as good because it (1) suggests financial savings and (2) makes *savings* a nominal rather than a participial adjective when the latter is more specific.  Bryan A. Garner, *A Dictionary of Modern Legal Usage* 797 (3d ed., Oxford 2009).

On January 5, 2009, Appellant Christine Greenwood filed a complaint, *pro se*, against Green Dental Laboratories ("Case 1"). The case arose from the fabrication of dentures by Green Dental in 2007. After Ms. Greenwood filed Case 1, she added National Dentex Corporation as a party after discovering that National Dentex was the parent corporation of Green Dental. On January 30, 2009, Green Dental filed a motion to dismiss for failure to give pre-suit notice. The trial court denied Appellees' motion based on its finding that the assertions in the complaint could be construed as a claim for product liability. Shortly before the trial date, on March 12, 2013, Ms. Greenwood filed a notice of nonsuit as to Case 1. The order of nonsuit was entered on March 28, 2013.

On March 28, 2014, Ms. Greenwood re-filed the case ("Case 2") against Green Dental and National Dentex Corporation (together "Appellees"). However, the second complaint was not served on the Appellees. Instead, the complaint was served on the attorney who had represented Appellees in the initial litigation. On April 23, 2014, without ever issuing process on the named defendants, Ms. Greenwood filed a notice of nonsuit as to Case 2. The trial court dismissed Case 2 by order of May 9, 2014.

On March 27, 2015, more than one year after entry of the initial nonsuit in Case 1, Ms. Greenwood re-filed her action ("Case 3"). On April 13, 2015, Appellees filed a motion to dismiss Case 3 on the ground that Ms. Greenwood's claims were barred by the statute of limitations and statute of repose. Specifically, Appellees argued that Tennessee Code Annotated Section 29-28-103 defines the applicable statute of limitations. The statute provides that "any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought . . . . within six (6) years of the date of injury. . . ." Tenn. Code Ann. §29-28-103. Ms. Greenwood's alleged injury occurred in March 2007, which was eight years before the filing of Case 3. As a result, Appellees argued that Ms. Greenwood was time-barred from bringing Case 3. Appellees further argued that, when the trial court entered the order of voluntary nonsuit in Case 2, the lawsuit was, in essence, permanently dismissed. Additionally, Appellees raised the defense of improper service of process, arguing that Case 2 was served on their attorney (for Case 1) and was not served on the Appellees. By order entered on July 9, 2015, the trial court dismissed Case 3. Specifically, the trial court held that "when [Ms. Greenwood] did not serve [Appellees] (but instead [Appellees' attorney]) with process on her March 28, 2014 complaint, her subsequent non-suit on May 9, 2014 did not operate to afford her another one (1) year from that date to file a new lawsuit." Ms. Greenwood filed a motion to reconsider, which the trial court denied by order dated August 28, 2015. Ms. Greenwood appeals.

## II.    Issues

We restate Ms. Greenwood's issues as follows:

1.    Whether the trial court erred when it dismissed Appellant's case.

2.    Whether the trial court erred when it found that service on Appellee's counsel was not effective.

In this appeal, Appellees request their fees and costs for the defense of an alleged frivolous appeal pursuant to Tennessee Code Annotated Section 27-1-122.

## III.    Standard of Review

The issues presented in this appeal involve the interpretation of certain statutes. Statutory construction is a question of law that is reviewable on a de novo basis without any presumption of correctness. *Gleaves v. Checker Cab Transit Corp.,* 15 S.W.3d 799, 802 (Tenn. 2000); *Jordan v. Baptist Three Rivers Hosp.,* 984 S.W.2d 593, 599 (Tenn. 1999); *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 924 (Tenn. 1998). When dealing with statutory interpretation, our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the Legislature is not violated by so doing. *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning of the language. *Eastman Chem. Co. v. Johnson,* 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the statute as written. *Abels ex rel. Hunt v. Genie Indus., Inc.,* 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool,* 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson,* 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga,* 172 Tenn. 505, 114 S.W.2d 441, 444 (1937). We must also presume that the Legislature was aware of any prior enactments at the time the legislation passed. *In re Estate of Tanner*, 295 S.W.3d 610, 613–14 (Tenn. 2009)(citing *Owens v. State,* 908 S.W.2d 923, 926 (Tenn.1995)).

Before turning to the issues, we acknowledge that Ms. Greenwood is proceeding *pro se.* As such, this Court must take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. *Garrard v. Tenn. Dep't of Corr.,* No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014)(internal citations omitted). It is well-settled that "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. University,* No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013),

*perm. app. denied* (Tenn. Jan. 15, 2014).  While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

## IV.  Analysis

The Tennessee saving statute reads in pertinent part as follows:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

Tenn. Code Ann. § 28-1-105(a).  This statute is intended to provide the plaintiff a chance to renew a suit if it is dismissed other than by a judgment on the merits.  *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991) (citing *Nashville C. & St. L. Ry. v. Bolton*, 134 Tenn. 447, 455, 184 S.W. 9, 11 (1915)).  Thus, its purpose is to "aid the courts in administering fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of the laws of procedure." *Foster v. St. Joseph Hosp.*, 158 S.W.3d 418, 422 (Tenn. Ct. App. 2004) (quoting *Henley v. Cobb*, 916 S.W.2d 915, 917 (Tenn. 1996)).  However, the statute should not be applied to insulate a plaintiff from its own laches, negligence, or similar fault. *Turner*, 827 S.W.2d at 321.

The case law interpreting the Tennessee saving statute dates back over one hundred years.  In the case of *Boyce v. Southern Railway Co.*, 5 Tenn. Civ. App. 140, *aff'd* (1914), the Appellant filed a third lawsuit within one year of the dismissal of her second lawsuit, but more than one year after her first nonsuit.  The *Boyce* court determined that the Appellant's third suit should have been filed within one year of her first nonsuit and that she was not entitled to successive saving years following each nonsuit. *Id.* at 143.  This court noted:

> [I]n no case, do we think the statute was intended to give [plaintiff] the right to bring a suit after the expiration of one year from the dismissal of the suit first instituted.  We think the plain meaning of this statute is, that when an action is

instituted and the plaintiff voluntarily dismisses it, or take a non-suit, such plaintiff may then, within one-year after such dismissal or non-suit, institute a new suit for the same cause of action, but when that is done, the right, under this statute, has been exhausted.

*Id.*

Two years later, the Tennessee Supreme Court upheld the ***Boyce*** decision in ***Reed v. Cincinnati N.O. & T.P. Ry. Co.,*** 190 S.W. 458 (Tenn. 1916). In ***Reed,*** the Appellant filed his case a third time within one year of his second nonsuit, but more than one year after his first nonsuit. The Appellant in ***Reed*** argued that the Tennessee saving statute allowed him an unlimited number of new one-year saving periods within which to refile his case after each successive voluntary dismissal. The ***Reed*** court rejected the appellant's contention and held that the statute did not provide for the indefinite succession of suits on the same cause of action. ***Reed,*** 190 S.W. at 458-59. In reaching its conclusion, the ***Reed*** court noted that

> [t]he statute was clearly intended for the benefit of a plaintiff whose case had for some reason, for which he should not be made to suffer, been dismissed without a hearing on the merits, and we think the true construction of the act is, as stated in [***Memphis & C.R. Co. v. Pillow,*** 56 Tenn. 248, 1872 WL 3851 (1872) ], that the new suit, *or any subsequent suit,* must be instituted within one year after the termination of the action that was brought "within the time limited" by the statute of limitations.

***Reed,*** 190 S.W. at 459 (emphasis added)(citing ***Memphis & C.R. Co. v. Pillow,*** 56 Tenn. at 252).

In ***Turner v. N.C. & S.T.L. Railway***, 285 S.W.2d 122 (Tenn. 1955), the Appellant had two voluntary dismissals after the statute of limitations expired. The second complaint was filed within one year of the first dismissal, and the third complaint was filed within one year of the second dismissal but more than one year from the first dismissal. ***Turner***, 285 S.W.2d at 123. Applying the holdings in ***Reed*** and ***Boyce***, the Tennessee Supreme Court concluded that the third case was barred because it was filed more than one year from the taking of the first nonsuit. ***Id***. at 123-24. However, in ***Balsinger v. Gass***, 379 S.W. 2d 800 (Tenn. 1964), the Tennessee Supreme Court modified its previous holdings to the extent that the one-year saving period is to be measured from the last voluntary dismissal of a case brought within the statute of limitations. ***Id***.

In 1982, this Court addressed the saving statute in the context of whether Rule 41.02(2) of the Tennessee Rules of Civil Procedure, which allows for two voluntary dismissals before an action is barred, affects the time in which a party can refile a case following a voluntary dismissal. ***Payne v. Matthews***, 633 S.W. 2d 494, 495 (Tenn. Ct. App.

1982). Ultimately, this Court determined that the saving statute addresses the relevant time period in which a party can refile a case while Rule 41.01 of the Tennessee Rule of Civil Procedure addresses the number of nonsuits that can be taken. *Id.* at 496.

In the case of *Freeman v. CSX Transp., Inc.*, No. M2010-01833-COA-R9CV, 2011 WL 1344727, at *5-6 (Tenn. Ct. App. Apr. 7, 2011), Appellee filed a second and third lawsuit during the saving year after the statute of limitations had expired. Appellants argued that the saving statute did not permit multiple refilings during the one-year grace period. This Court concluded that Appellants' interpretation would impose artificial limitations on the saving statute and held that Appellee's lawsuit was not barred even though her third lawsuit was the second suit filed during the saving year and was filed after the statute of limitations had expired. *Id.* at *11.

In this case, Appellant filed her initial complaint on January 5, 2009 and nonsuited her lawsuit on March 28, 2013. Appellant then filed Case 2 within one year of her first voluntary nonsuit. On April 23, 2014, Appellant filed a notice of nonsuit as to Case 2. On March 27, 2015, Appellant filed Case 3. Case 3 was filed within one year of the dismissal of Case 2, but more than one year after the entry of the initial non-suit in Case 1. Based on the foregoing authorities, we conclude that the Tennessee saving statute does not operate to save Appellant's lawsuit because her third refiling was filed outside the one year saving period and after the statute of limitations had expired. Because the saving statute itself bars Appellant's third case, the trial court's focus on the improper service of process in Case 2 was unnecessary. However, this Court will affirm a decree that is correct in result, but rendered upon different, incomplete, or erroneous grounds. *Cont'l Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986)(citing *Hopkins v. Hopkins,* 572 S.W.2d 639, 641 (Tenn.1978)). Accordingly, we affirm the judgment of the trial court, and pretermit Appellant's remaining arguments.

## B. Attorney's Fees on Appeal

Appellees argue that this Court should award them attorney's fees for having to defend this appeal. Specifically, Appellees argue that this appeal is entirely frivolous within the meaning of the law. Tennessee Code Annotated Section 27-1-122 states that:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "In considering a request for attorney's fees on appeal, we consider the requesting party's ability to pay such fees, the requesting party's success on

appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in a given case." *Moran v. Wilensky*, 339 S.W. 3d 651, 666 (Tenn. Ct. App. 2010)(citing *Archer v. Archer*, 907 S.W. 2d 412, 419 (Tenn. Ct. App. 1995)). Whether to award costs for a frivolous appeal is a discretionary decision. *Young v. Barrow*, 130 S.W. 3d 59, 66-67 (Tenn. Ct. App. 2003). Although we have affirmed the trial court's ruling in this case, we do not conclude that the appeal was taken for any subversive purpose. Accordingly, we exercise our discretion to deny Appellees' request for attorney's fees.

## V.     Conclusion

For the foregoing reasons, we affirm the order of the trial court. This case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Christine Greenwood for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE
