Aubrey L. PAYNE, Plaintiff-Appellant,

v.

William T. MATTHEWS,
Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section.

Feb. 26, 1982.

Permission to Appeal Denied by
Supreme Court May 10, 1982.

Lewis K. Garrison, Memphis, for plaintiff-appellant.

Max D. Lucas, Jr. of the law firm of Kirkpatrick, Lucas & Kirkpatrick, Memphis, for defendant-appellee.

TOMLIN, Judge.

Plaintiff is appealing from an order of the trial judge of the Circuit Court of Shelby County, dismissing his suit for personal injuries and property damage, by granting defendant's motion for summary judgment. The suit so dismissed was the third suit for the same cause of action filed by the plaintiff. Defendant's motion for summary judgment was sustained on the grounds that plaintiff's most recent suit was barred by the statute of limitations. The issue presented by this appeal is whether or not Rule 41.01 T.R.C.P. in any way affects the time in which a plaintiff can refile after a non-merits dismissal has been taken. We hold that it does not.

The facts, which are not in dispute, are these: Plaintiff and defendant were involved in an accident in Shelby County on September 7, 1972. Plaintiff's first suit, seeking damages for personal injuries and property damage, was filed on February 22, 1973. No further action was taken in this case, and the trial court dismissed it on its own motion for want of prosecution. The dismissal took place in either October or November of 1978, but the order of dismissal was not entered until March 13, 1979.

In the meantime, plaintiff filed his second suit on November 29, 1978, well within one year of the date of dismissal. During the course of the trial of the cause, the plaintiff moved for and was granted a voluntary nonsuit. An order of voluntary nonsuit was entered October 16, 1980. The case under consideration was filed October 28, 1980, clearly more than one year after the date of entry of the order of dismissal for want of prosecution of the first action, namely, March 13, 1979. Defendant then filed a motion for summary judgment on the grounds that the action was barred by T.C.A. Sec. 28–3–104 and Sec. 28–3–105.

It is plaintiff's contention that the dismissal of this lawsuit by the trial court is in contradiction to Rule 41 T.R.C.P., which bars a cause of action only on the taking of a third voluntary dismissal. It is plaintiff's assertion that, even if he is held accountable for the trial court's dismissal for want of prosecution, he should be entitled to pursue this third filing to its conclusion on the merits, since he has taken only one voluntary nonsuit.

■ The Tennessee saving statute, formerly T.C.A. Sec. 28–106, now T.C.A. Sec. 28–1–105, has been considered several times by our courts. It has long been held that after the taking of any nonsuit to the original action, any additional suits would have to be filed within one year of the first nonsuit to be within the purview of T.C.A.

Sec. 28–1–105. See, *Reed v. Cincinnati, N. O. & T. P. Railroad Co.*, 136 Tenn. 499, 190 S.W. 458 (1916). While many of the cases deal with consecutive voluntary nonsuits, it is clear from the wording of the statute that its scope is broader than that. T.C.A. Sec. 28–1–105 reads as follows:

28–1–105. *New action after adverse decision.*—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

The full meaning and intent of this statute was spelled out by Justice Holmes of our Supreme Court in the case of *Balsinger v. Gass*, 214 Tenn. 343, 379 S.W.2d 800, 805 (1964), when he said:

Under T.C.A. Sec. 28–106, all actions which may be brought by virtue of that statute must be brought within one year after the *inconclusive dismissal* of an action brought within the period of the applicable statute of limitations. . . . (emphasis supplied)

In other words, it makes no difference whether the initial inconclusive dismissal or dismissal not on the merits was a voluntary nonsuit or a dismissal without prejudice for want of prosecution.

■ This Court has addressed the question of the possible conflict between T.C.A. Sec. 28–1–105 and Rule 41.01 of the Tennessee Rules of Civil Procedure in the case of *Marie R. Ellison, et al v. Browning-Ferris, et al* in an unreported opinion by Judge Summers, filed December 15, 1980. Judge Summers writes for the Court:

The next question to be answered by this court is whether Rule 41.01 of the Tennessee Rules of Civil Procedure enlarges the time in which a party can refile after a voluntary nonsuit has been taken.

Rule 41.01 clearly states that a plaintiff shall have a right to take a voluntary nonsuit or to dismiss an action without prejudict (sic) subject to the provisions of Rule 23.03, Rule 66, "except when a motion for summary judgment made by the adverse party is pending," and *of any statute.* Rule 41.01 limits the number of dismissals (nonsuits) that can be taken.

We must therefore hold that T.C.A. Sec. 28–1–105 addresses itself to *time* while Rule 41.01 of the Tennessee Rules of Civil Procedure addresses itself to *the number* of dismissals (nonsuits) that can be taken. There is no conflict between the statute and the rule.

While Rule 41.01 T.R.C.P. gives a litigant the right to take two voluntary nonsuits, this right is subject to the provisions "of any statute," namely T.C.A. 28–1–105.

■ It is clear from the above authorities that regardless of how an inconclusive dismissal of an action is had, in order for a suit to survive, it must have been filed within one year of the date of dismissal of the original action—in this case, March 13, 1979.

■ For the above reasons, we hold that the trial judge was not in error when he dismissed the plaintiff's suit filed on October 28, 1980.

Defendant has filed a motion in this Court, asking the Court to declare plaintiff's appeal to be a frivolous one. We have given this motion serious consideration. We are constrained not to grant the motion, and it is accordingly denied.

The judgment of the trial court is affirmed. Costs in this Court are taxed to plaintiff, for which execution may issue, if necessary.

NEARN, J., and WHITENTON, Special Judge, concur.