# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### May 2000 Session

## WALTER JEFFERSON v. CAPTAIN D'S RESTAURANT, aka SHONEY'S INC., and TPI RESTAURANTS, INC.

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 95327 T.D.     The Honorable George H. Brown, Jr., Judge**

---

### No. W1999-00574-COA-R3-CV - Filed August 16, 2000

---

In this personal injury action, plaintiff timely filed suit, which was subsequently dismissed for failure to prosecute. Another suit was commenced within one year of the first dismissal. This suit was voluntarily nonsuited at a later date. A third suit was commenced within one year of the voluntarily nonsuit, but more than one year from the date of the first dismissal. The trial court granted summary judgment on the ground that the suit was barred by the statute of limitations. Plaintiff has appealed.

**Tenn.R.App.R. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Larry A. Weissman, Memphis, For Appellant, Walter Jefferson

William B. Walk, Jr., Memphis, For Appellees, Captain D's Restaurant, et al

### OPINION

Plaintiff/appellant, Walter Jefferson, appeals the order of the trial court granting summary judgment to defendant/appellee, Captain D's Restaurant a/k/a Shoney's Inc., and TPI Restaurants, Inc. (hereinafter Restaurant).

The facts are not in dispute. On June 5, 1992, plaintiff filed a complaint alleging that on July 18, 1991, while in defendant's restaurant, he slipped on a slippery substance which resulted in injury. On June 2, 1994, the trial court dismissed the case for failure to prosecute. Plaintiff filed a second complaint on September 23, 1994, with essentially the same allegations as the original complaint. A voluntary nonsuit was taken on the second complaint by order entered June 23, 1997. The case before us was filed on June 17, 1998, almost four years after the dismissal of the first action on June 21, 1994. Defendant filed a motion for summary judgment on the grounds that the action was barred by the applicable statute of limitation. The trial court granted defendant's motion on August 19, 1999, and plaintiff appeals.

The only issue for review is whether the trial court erred in granting summary judgment to defendant.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence.

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). In this case, there is no dispute concerning the pertinent data, and the only question is whether defendant is entitled to summary judgment as a matter of law. Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Plaintiff contends that the trial court erred in granting the defendant's motion for summary judgment. He argues that a plaintiff has the right to two dismissal and two subsequent re-filings, if these dismissal are without prejudice, and if each re-filing is within one year of the most recent dismissal. Plaintiff concedes that case law exists contrary to his argument, but asserts that T.C.A. § 28-1-1-105 and Tenn. R. Civ. P. 41.01 have been misinterpreted.

Defendant contends that while Tenn. R. Civ. P. Rule 41.01 gives a litigant the right to take two voluntary nonsuits, that right is subject to the provisions of any statute, namely T.C.A. 28-1-105. Defendant correctly relies on *Payne v. Matthews*, 633 S.W.2d 494 (1982), which states in part:

> The Tennessee saving statute, formerly T.C.A. Sec. 28-106, now T.C.A. Sec. 28-1-105, has been considered several times by our courts. It has long been held that after the taking of any nonsuit to the original action, any additional suits would have to be filed within one year of the first nonsuit to be within the purview of T.C.A. Sec. 28-1-105. *See*, *Reed. v. Cincinnati, N.O. & T.P. Railroad Co.*, 136 Tenn. 499, 190 S.W. 458 (1916). While many of these cases deal with consecutive voluntary nonsuits, it is clear from the wording of the statute that its scope is broader than that. T.C.A. Sec. 28-1-105 [now 28-1-105(a)] reads as follows:
>
> > **28-1-105. New action after adverse decision. --** If the action is commenced within the time limited by a rule of statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where

the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

\* \* \*

This Court has addressed the question of the possible conflict between T.C.A. Sec. 28-1-105 and Rule 41.01 of the Tennessee Rules of Civil Procedure in the case of ***Marie R. Ellison, et al v. Browning-Ferris, et al*** in a unreported opinion by Judge Summers, filed December 15, 1980. Judge Summers writes for the Court:

The next question to be answered by this court is whether Rule 41.01 of the Tennessee Rules of Civil Procedure enlarges the time in which a party can refile after a voluntary nonsuit has been taken.

Rule 41.01 clearly states that a plaintiff shall have a right to take a voluntary nonsuit or to dismiss an action without prejudict (sic) subject to the provisions of Rule 23.03, Rule 66, "except when a motion for summary judgment made by the adverse part is pending," and of *any statute.* Rule 41.01 limits the number of dismissals (nonsuits) that can be taken.

We must therefore hold that T.C.A. Sec. 28-1-105 addresses itself to *time* while Rule 41.01 of the Tennessee Rules of Civil Procedure addresses itself to *the number* of dismissals (nonsuits) that can be taken. There is no conflict between the statute and the rule.

***Payne v. Matthews***, 633 S.W.2d at 495-96.

Clearly, the instant case was not timely filed. It was outside the one year period of limitations applicable to personal injury actions. *See* T.C.A. § 28-3-104 (1999 Supp.). Further, since it was filed more than one year after the dismissal for failure to prosecute on June 21, 1994, the plaintiff cannot rely on the savings statute to validate his complaint. ***Payne***, at 145; ***Hunt v. Shaw***, 946 S.W.2d 306, 307-308 (Tenn. Ct. App. 1996).

Accordingly, the order of the trial court granting summary judgment to the defendant is affirmed. Costs of appeal are assessed against appellant, Walter Jefferson.

_____

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.