OPINION
Jeffrey S. Vandergriff (“Plaintiff’) filed this lawsuit after his father’s death. Plaintiff sued his step-mother and his father’s accountant alleging various causes of action, including misrepresentation and undue influence. The first lawsuit was filed timely. While this first lawsuit was pending and after the expiration of the original statute of limitations, a second lawsuit was filed. The first lawsuit was then nonsuit-ed. After Plaintiff nonsuited the second lawsuit and filed yet a third lawsuit, Defendants moved for summary judgment claiming the statute of limitations had expired and the Saving Statute, Tenn.Code Ann. § 28-1-105, could not save this third lawsuit. The Trial Court agreed and granted the motion for summary judgment. We affirm.

Background

James R. Vandergriff (“Mr.Vander-griff”) was diagnosed with cancer in February of 1996. A meeting was held on June 21, 1996, to discuss Mr. Vandergriffs estate, among other things. In attendance were: (1) Mr. Vandergriff; (2) Plaintiff; (8) defendant Charlotte Vandergriff (Mr. Vandergriffs third wife); (4) defendant G.R. Rush (Mr. Vandergriffs accountant); and (5) Mr. Vandergriffs attorney. The next day, on June 22, 1996, Mr. Vander-griff executed a Last Will and Testament (“Will”). Mr. Vandergriff died on July 14, 1996. An Order of Probate was entered in the Hamilton County Chancery Court on July 25,1996.
On May 19, 1999, Plaintiff filed suit in the Hamilton County Chancery Court, Probate Division. In this complaint, Plaintiff sued his father’s estate and his stepmother, Charlotte Vandergriff. Plaintiff also sued G.R. Rush, who was his father’s accountant and the executor of the estate. Plaintiff claimed Defendants had made certain misrepresentations to him which resulted in Plaintiffs deeding back to his father certain property Mr. Vandergriff had given to Plaintiff. Plaintiff allegedly was told this would reduce his father’s estate tax liability. Plaintiff further asserted Defendants had used undue influence when his father executed the Will. According to Plaintiff, his father lacked the requisite mental capacity to execute these documents. This lawsuit was voluntarily nonsuited by order entered on August 5, 1999.
On June 23, 1999, while the above-referenced Chancery Court suit was still pending, Plaintiff filed a second lawsuit in the Hamilton County Circuit Court against Rush and Charlotte Vangergriff (“Defendants”), making essentially the same allegations as were made in the Chancery Court lawsuit filed one month previously. In this second lawsuit, however, Plaintiff asserted a new claim to the effect that his father was improperly induced into changing the beneficiary of his life insurance policy. As noted above, the first lawsuit filed in Chancery Court was nonsuited on August 5, 1999. On January 22, 2002, Plaintiff, who had obtained new counsel, nonsuited the second lawsuit.
On February 28, 2002, Plaintiff filed the third and present lawsuit against Defendants in the Hamilton County Circuit Court. Plaintiff made essentially the same allegations as were made in the second lawsuit, although an additional claim was made by Plaintiff that he was entitled to certain property his father had promised *684 him before his death. Defendants filed an answer to the complaint essentially denying the pertinent allegations contained in the complaint. Defendants also asserted a statute of limitations defense.
On March 26, 2002, Defendants filed a motion for summary judgment, claiming the statute of limitations had expired. According to Defendants, pursuant to Tenn. Code Ann. § 28-l-105(a) (the “Saving Statute”), the one-year saving period began to run on August 5, 1999, the date the first lawsuit was nonsuited. Defendants argued, therefore, the third lawsuit filed on February 28, 2002, was filed well after the one-year period in which to refile had expired. Defendants also filed two affidavits which they claim established the “misrepresentations and injuries alleged in all three of Plaintiffs complaints occurred no later than June 21 or June 22, 1996.” Defendants also asserted the new claim set forth in Plaintiffs third complaint was barred by the applicable statute of limitations set forth in TenmCode. Ann. § 30-2-310.
In support of their motion, Defendants filed the affidavit of Michael Carter (“Carter”), Mr. Vandergriffs attorney. According to Carter, Mr. Vandergriff wanted to provide for his current wife and, upon her death, have his estate pass to his children. Mr. Vandergriff also wanted to minimize estate tax liability. According to Carter, Mr. Vandergriff had executed two sets of deeds in 1985. One set of nine deeds quitclaimed property from Mr. Vandergriff to his children. The second set of nine deeds quitclaimed the property from the children, including Plaintiff, back to Mr. Vandergriff. The first nine deeds were recorded in 1985. At this June 21, 1996, meeting, Carter says everyone, including Plaintiff, agreed that the second set of quitclaim deeds, those from Plaintiff and the other children to Mr. Vandergriff, should be recorded. It was for these reasons the deeds given to Plaintiff were “recalled.” Carter claimed the deeds were “recalled” on June 21, 1996, and Plaintiff was present at the meeting when this occurred. In fact, Plaintiff retrieved the deeds from a safe located at his father’s place of business. These deeds were recorded on June 26,1999, by Carter.
Defendants also filed the affidavit of Donald Hedrick (“Hedrick”), the life insurance agent for Mr. Vangergriff. Hedrick stated Mr. Vandergriff wanted to provide for his current wife and, upon her death, to have his estate pass to his children. Consistent with this plan, Mr. Vandergriff changed the beneficiary of his fife insurance policy from his wife and children to his estate. Hedrick stated this occurred on June 21, 1996, and Plaintiff was present when Mr. Vandergriff signed the documents changing the beneficiary.
In response to the motion for summary judgment, Plaintiff claimed the statute of limitations did not begin to run until his father’s death on July 14, 1996. Plaintiff filed the affidavit of Ed London who claimed only that Mr. Vandergriff had stated to him that he had previously deeded certain property to Plaintiff. Plaintiff filed no other affidavits or any portion of his or any other deposition.
The Trial Court granted Defendants’ motion for summary judgment concluding Plaintiffs claims were barred by the statutes of limitation, relying on Tenn.Code Ann. §§ 28-1-105 and 30-2-310. Plaintiff appeals the grant of summary judgment to Defendants. The dispositive issue raised by Plaintiff on appeal is whether the Saving Statute, Tenn.Code Ann. § 28-1-105, operates to “save” the third lawsuit from being dismissed for being filed outside the statute of limitations. We conclude that it does not.

*685
Discussion

The standard for review of a motion for summary judgment is set forth in Staples v. CBL & Associates, Inc., 15 S.W.3d 83 (Tenn.2000):
The standards governing an appellate court’s review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court’s judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. See Hunter v. Brown, 955 S.W.2d 49, 50-51 (Tenn.1997); Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, see Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. See Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. See Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. See Byrd v. Hall, 847 S.W.2d at 215.
To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party’s claim or conclusively establish an affirmative defense. See McCarley v. West Quality Food Serv., 960 S.W.2d 585, 588 (Tenn.1998); Robinson v. Omer, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party’s burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. See McCarley v. West Quality Food Serv., 960 S.W.2d at 588; Robinson v. Omer, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.
The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party’s favor. See Robinson v. Omer, 952 S.W.2d at 426; Byrd v. Hall, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts "and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. See McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn.1995); Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn.1995).
Staples, 15 S.W.3d at 88-89. A fact is “material” for summary judgment purposes, if it “must be decided in order to resolve the substantive claim or defense at which the motion is directed.” Luther v. Compton, 5 S.W.3d 635, 639 (Tenn.1999)(quoting Byrd v. Hall, 847 S.W.2d at 211).
Plaintiff argues the statute of limitations did not begin to run until July 14,1996, the date of his father’s death. Plaintiff claims *686 that is when he discovered the misrepresentations. Thus, Plaintiff reasons since the second lawsuit was filed on June 23, 1999, it was filed within the applicable statute of limitations. Because the second lawsuit was filed within the original statute of limitations, the Saving Statute is not necessary to “save” the second lawsuit. The Saving Statute, therefore, becomes effective on the date the second lawsuit was nonsuited, i.e., January 22, 2002, at which point he had one year to refile the lawsuit. Since the third lawsuit was filed on February 28, 2002, Plaintiff maintains the third lawsuit is saved.
Defendants argue the statute of limitations began to run no later than June 21 or 22, 1996, the day(s) when the alleged misrepresentations, undue influence, etc., happened. Since the second lawsuit was filed on June 23, 1999, it was filed outside the original statute of limitations and the Saving Statute must, therefore, be utilized in order to “save” the second untimely lawsuit. According to Defendants, because Plaintiff had already utilized the Saving Statute to “save” the second lawsuit, the Saving Statute cannot be used to save the third lawsuit filed more than one year after the first lawsuit was dismissed. Defendants insist the third lawsuit must be dismissed because the statute of limitations had expired.[1]
In relevant part, the Saving Statute provides as follows:
If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiffs right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiffs representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest....
Tenn.Code Ann. § 28-l-105(a).
We believe the issue of whether the Saving Statute applies to the second or the third lawsuit is resolved by determining when the statute of limitations began to run. In their motion for summary judgment, Defendants argue all of the events giving rise to this lawsuit happened no later than June 22, 1996, the day Mr. Vandergriff signed his will and the day after the. meeting which Plaintiff and Defendants attended. The affidavits filed by Defendants indeed show that June 21, 1996, was the day the meeting took place. Plaintiff does not dispute this fact. Defendants maintain Plaintiff either knew or in the exercise of reasonable diligence should have known of the alleged misrepresentations no later than June 22,1996.
Plaintiff argues he did not know of the misrepresentations until July 14, 1996, the date of his father’s death. However, Plaintiff makes this broad assertion only in a memorandum of law filed with the Trial Court. On appeal, Plaintiff does not state when the statute of limitations began to run, only that there is a dispute of material fact regarding same. Plaintiff did not file his or any other affidavit or attach any part of his or any other deposition to support his argument made to the Trial Court that the statute of limitations began to run when his father died. For that matter, Plaintiff offered the Trial Court no *687 proof, by affidavits or otherwise, that the statute of limitations began to run at any time after June 22, 1996.[2] Plaintiff never set forth any proof establishing the existence of a material fact with regard to when the statute of limitations began to run. Furthermore, Plaintiff has offered no explanation as to why there is any causal connection between his father’s death and Plaintiff somehow discovering the alleged misrepresentations that day. Defendants made a properly supported motion for summary judgment. The burden shifted to the Plaintiff to set forth specific facts, by affidavit or otherwise, establishing the existence of any disputed material facts. Plaintiff failed to do this. Because Plaintiff offered no proof by affidavits or otherwise relative to when he knew or should have known of the alleged misrepresentations, we agree with Defendants and the Trial Court that the undisputed material facts show the statute of limitations began to run no later than June 22, 1996.
Since the statute of limitations began to run no later than June 22,1996, the second lawsuit filed on Wednesday, June 23, 1999, was filed outside the applicable statute of limitations. Even though the first lawsuit had not been nonsuited when the second suit was filed, in order to “save” the second untimely lawsuit, Plaintiff has to rely on the Saving Statute. The Saving Statute, therefore, does not save the third lawsuit because that statute only applies “[i]f the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiffs right of action ....” Tenn.Code Ann. § 28-1-105(a)(emphasis added). In other words, the second lawsuit was not commenced within the original statute of limitations, so the dismissal of that lawsuit cannot trigger the Saving Statute.
This Court was confronted with similar facts in Payne v. Matthews, 633 S.W.2d 494 (Tenn.Ct.App.1982). The facts in Payne were as follows:
Plaintiff and defendant were involved in an accident in Shelby County on September 7, 1972. Plaintiffs first suit, seeking damages for personal injuries and property damage, was filed on February 22, 1973. No further action was taken in this case, and the trial court dismissed it on its own motion for want of prosecution. The dismissal took place in either October or November of 1978, but the order of dismissal was not entered until March 13,1979.
In the meantime, plaintiff filed his second suit on November 29, 1978, well within one year of the date of dismissal. During the course of the trial of the cause, the plaintiff moved for and was granted a voluntary nonsuit. An order of voluntary nonsuit was entered October 16, 1980. The case under consideration was filed October 28, 1980, clearly more than one year after the date of entry of the order of dismissal for want of prosecution of the first action, namely, March 13, 1979. Defendant then filed a motion for summary judgment on the grounds that the action was barred by [the applicable statute of limitations]....
Payne, 633 S.W.2d at 495. Since the third lawsuit in Payne was not filed within one-year of the dismissal of the original lawsuit, it was time-barred. Id. at 496. We are presented with the same fact pattern *688 as in Payne. As in Payne, the third lawsuit was not filed within one year of the dismissal of the original lawsuit, the only suit commenced within the original statute of limitations.
On appeal, Plaintiff does not challenge the Trial Court’s conclusion that the new claim brought in the third lawsuit was barred by the statute of limitations found in TenmCode Ann. § 30-2-310. In summary, we conclude the Saving Statute does not operate to “save” the third lawsuit filed in this case. We affirm the judgment of the Trial Court.

Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for further proceedings as necessary, if any, consistent with this Opinion and for collection of the costs below. Costs on appeal are assessed against the Appellant, Jeffrey S. Vandergriff, and his surety.

. On appeal, the only issue set forth by the parties is whether the Saving Statute, Tenn. Code Ann. § 28-1-105, operates to save the third lawsuit. In making their arguments, the parties assume, as do we, that the first lawsuit was filed timely. Plaintiff does not argue that any of his claims would remain viable if we conclude the Saving Statute was necessary to save the second (as opposed to the third) lawsuit.

. Defendants attached portions of Plaintiff's deposition, but the portions which were attached do not bear on when Plaintiff knew or should have known of the alleged misrepresentations.