IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 16, 2015 Session

**ROBERT CLARK v. JOHN WERTHER, ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 14C72    Carol Soloman, Judge**

———————————————————

**No. M2014-00844-COA-R3-CV – Filed September 27, 2016**

———————————————————

The plaintiff, acting pro se, filed a complaint in this health care liability action without attaching a certificate of good faith. Several defendants filed motions to dismiss based on the missing certificate. The plaintiff responded to the motions and filed a notice of voluntary nonsuit. Some of the defendants objected to the voluntary dismissal, arguing the complaint should be dismissed with prejudice. The trial court dismissed the plaintiff's claims against the non-objecting defendants without prejudice but dismissed the plaintiff's claims against the objecting defendants with prejudice. The plaintiff appealed all of the court's dismissal orders on numerous grounds. Upon review, we conclude that Rule 41.01 of the Tennessee Rules of Civil Procedure afforded the plaintiff the right to a voluntary dismissal without prejudice as to all defendants. Accordingly, we affirm in part, reverse in part, and remand to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Robert L. Clark, Nashville, Tennessee, appellant, pro se.

Mark E. Nichols, Lexington, Kentucky, and Marty R. Phillips and Ashley D. Cleek, Jackson, Tennessee, for the appellees, Dr. John Werther, Oral & Facial Surgery Group, P.C., Dr. Keven West, and Oral & Maxillofacial Group of Nashville.

R. Dale Bay, Janet S. Hayes, and John Craig Howell, Nashville, Tennessee, for the appellees, Dr. Daniel Price and Endodontic Associates, P.A.

Wendy L. Longmire, Nashville, Tennessee, for the appellee, Dr. Joseph Wiggs.

Timothy G. Wehner, Jackson, Tennessee, for the appellee Keith Thetford, D.D.S.

Phillip North and Renee Levay Stewart, for the appellees, Mark Deaton, M.D. and Otolaryngology Associates of Tennessee, P.C.

Steven E. Anderson, Nashville, Tennessee, for the appellees, Vanderbilt University, Dr. William Serafin, Dr. Steen Evelhoch, Dr. Sean Young, and Dr. John Ross.

Peter Robison, Nashville, Tennessee, for the appellee, Dr. Clayton Cummings.

Dulin Kelly, Hendersonville, Tennessee, for the appellee, Dr. Harry Lehrer.

Gail Vaughn Ashworth, Nashville, Tennessee, for the appellee, Dr. Laurel Brown.

John F. Floyd, Nashville, Tennessee, for the appellees, Dr. Jeffrey Bressman, D.D.S. and Glenbrook Oral and Maxillofacial Surgery, Ltd.

**OPINION**

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from apparent complications from a tooth extraction in 2012. After the extraction, Mr. Robert Clark alleged that he "experienced lingering symptoms of swelling," which caused him to seek additional treatment from other health care providers. Subsequently, Mr. Clark began to experience what he believed were additional symptoms of an infection, and he became convinced that the health care providers he visited were hiding something from him. According to Mr. Clark, he had seventy-one medical appointments related to his concerns over his tooth extraction and sought the advice of forty-six different providers.

Four months after the initial extraction, Mr. Clark claimed a diagnostic imaging test revealed a root tip fragment in his jaw. Unfortunately, Mr. Clark's symptoms were not relieved by removal of the fragment. Mr. Clark believes that the initial dentist who removed his tooth negligently left a root tip in the extraction site and failed to inform him. Again according to Mr. Clark, the subsequent health care providers he consulted failed to properly diagnose and treat his symptoms and tried to hide the initial negligence from him.

On January 7, 2014, Mr. Clark[1] filed a complaint against fourteen individual defendants, their associated medical practice groups, and Vanderbilt University Medical Center for various causes of action. For each defendant, Mr. Clark specified that his alleged causes of action met "the requirements of medical malpractice (health care liability), pursuant to [Tennessee Code Annotated] § 29-26-115(a)." In the Tennessee Health Care Liability Act, a plaintiff in a health care liability action must give specific notice to the named health care providers sixty days before filing the action and file a certificate of good faith with the complaint, confirming that the plaintiff has a good faith basis to maintain the action. Tenn. Code Ann. §§ 29-26-121, -122 (2012). When he filed his complaint, Mr. Clark included proof that he had provided the required notice, but he did not file a certificate of good faith.

On January 21, 2014, Vanderbilt University Medical Center and its affiliated doctors filed a motion to dismiss the complaint based on the lack of a certificate of good faith. Shortly thereafter, several additional defendants[2] filed similar motions to dismiss. On February 10, 2014, before any hearing on the defendants' motions to dismiss, Mr. Clark filed a notice of voluntary nonsuit and a proposed order. *See* Tenn. R. Civ. P. 41.01. Several defendants[3] opposed Mr. Clark's notice of nonsuit on the ground that his complaint should be dismissed with prejudice because of the missing certificate of good faith.

The court held a hearing on the defendants' motions to dismiss on February 14, 2014. At the hearing, Mr. Clark asked to withdraw his notice of nonsuit, but the court denied his request. The court dismissed without prejudice Mr. Clark's claims against the defendants[4] who did not object to the notice of nonsuit and scheduled another hearing to consider whether the claims against the remaining defendants should be dismissed with prejudice under Rule 12.02 or without prejudice under Rule 41.01.

---

[1] Mr. Clark has represented himself throughout the pendency of this case.

[2] In addition to the Vanderbilt defendants, motions to dismiss were filed by Dr. John Werther; Oral & Facial Surgery Group, P.C.; Kevin West, DMD; Maxillofacial Surgery of Nashville; Dr. Joseph Wiggs; Dr. Laurel Brown; Dr. Daniel Price; Endodontic Associates, P.C.; Dr. Keith Thetford; Dr. Jeffrey Bressman; and Glenbrook Oral and Maxillofacial Surgery, Ltd. Dr. Clayton Cummings filed a motion to dismiss on the same grounds as the other defendants after Mr. Clark filed his notice of voluntary nonsuit.

[3] The following defendants opposed Mr. Clark's notice of nonsuit: Dr. John Werther; Oral & Facial Surgery Group, P.C.; Kevin West, DMD; Maxillofacial Surgery of Nashville; Dr. Keith Thetford; Dr. Daniel Price; Endodontic Associates, P.A.; and Dr. Joseph Wiggs.

[4] The court dismissed the following defendants without prejudice: Dr. Laurel Brown; Vanderbilt University Medical Center; Dr. William Serafin; Dr. John Ross; Dr. Sean Young; Dr. Steven Evelhoch; Dr. Mark Deaton; and Otolaryngology Associates of Tennessee, P.C. Subsequently, the court also dismissed without prejudice Mr. Clark's suit against Dr. Harry Lehrer; Dr. Clayton Cummings; Dr. Jeffrey Bressman; and Glenbrook Oral and Maxillofacial Surgery, LTD.

Mr. Clark argued that the court should excuse the absence of the good faith certificate for two reasons. First, his cause of action fit within the common knowledge exception to the requirement for expert testimony. Second, he believed that his case presented extraordinary cause justifying excusing the requirement. Mr. Clark explained that it was obvious that he would be unable to find an expert witness to testify on his behalf considering he had been unable to find a medical professional to treat or diagnose his symptoms.

The court refused to excuse Mr. Clark's failure to file a certificate of good faith and dismissed his claims against the remaining defendants[5] with prejudice. Specifically, the court found he had failed to prove extraordinary cause for his failure to file a certificate of good faith or to establish that his claims fell within the common knowledge exception to the expert testimony requirement for medical malpractice actions.

## II. ANALYSIS

While Mr. Clark raises numerous issues on appeal, we view one issue as dispositive: whether the trial court erred in failing to enter an order dismissing this case without prejudice as to all defendants after Mr. Clark filed his notice of voluntary nonsuit under Rule 41.01 of the Tennessee Rules of Civil Procedure. The trial court ruled that the failure to file a certificate of good faith with a health care liability complaint precludes a plaintiff from exercising his right to a voluntary dismissal without prejudice. Consequently, the trial court granted the defendants' Rule 12.02(6) motions to dismiss with prejudice.

### A. STANDARD OF REVIEW

In evaluating a Rule 12.02(6) motion to dismiss, the court reviews the pleadings to determine whether the plaintiff has stated a claim upon which relief may be granted. Tenn. R. Civ. P. 12.02(6). A Rule 12.02(6) motion challenges the legal sufficiency of the plaintiff's claim, not the evidence. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). In reviewing the trial court's decision, "we must take the factual allegations contained in the complaint as true and review the lower court's legal conclusions *de novo* with no presumption of correctness." *Moreno v. City of Clarksville*, 479 S.W.3d 795, 802 (Tenn. 2015).

### B. VOLUNTARY DISMISSAL

For well over a century, plaintiffs in Tennessee have enjoyed the right to voluntarily dismiss an action without prejudice and refile the action within one year of the dismissal.

---

[5] Mr. Clark's claims against these defendants were dismissed with prejudice: Dr. John Werther; Oral & Facial Surgery Group P.C.; Dr. Joseph Wiggs; Endodontic Associates, P.A.; Dr. Daniel Price; Dr. Keith Thetford; Oral & Maxillofacial Surgery of Nashville; and Dr. Kevin West.

*Evans v. Perkey*, 647 S.W.2d 636, 640 (Tenn. Ct. App. 1982).  This right is now reflected in Rule 41.01 of the Tennessee Rules of Civil Procedure.  Rule 41.01 provides:

> (1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff.
>
> (2) Notwithstanding the provisions of the preceding paragraph, a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim.
>
> (3) A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods.

Tenn. R. Civ. P. 41.01.

Rule 41.01 precludes a party from taking a voluntary nonsuit in a class action case, in a shareholder derivative action, in a case in which a receiver has been appointed, or while an opposing party's motion for summary judgment is pending.  *Himmelfarb v. Allain*, 380 S.W.3d 35, 40 (Tenn. 2012).  A plaintiff's right to a voluntary nonsuit is also limited by "an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." *Lacy v. Cox*, 152 S.W.3d 480, 484 (Tenn. 2004).  Other than these exceptions, "Rule 41.01(1) affords a plaintiff the free and unrestricted right to voluntary dismissal without prejudice before the jury retires." *Id.*

The effect of a valid notice of nonsuit is immediate.  Our Supreme Court has stated

that "[t]he lawyer for the plaintiff is the sole judge of the matter and the trial judge has no control over it." *Rickets v. Sexton*, 533 S.W.2d 293, 294 (Tenn. 1976). Although the rule requires the court to enter an order of dismissal, the order is simply for "ministerial and procedural purposes." *Lacy*, 152 S.W.3d at 484. *See Green v. Moore*, 101 S.W.3d 415, 419-20 (Tenn. 2003) (stating that "except in very limited circumstances, a party can take a voluntary nonsuit without permission from the trial court"). As long as Mr. Clark's notice met the requirements of Rule 41.01, the trial court's job was simply to enter the order of dismissal without prejudice.

We can quickly dispense with most of the limitations to voluntary dismissal described in Rule 41.01. This is Mr. Clark's first notice of voluntary dismissal. It is undisputed that he filed a written notice of nonsuit on February 10, 2014, and served a copy of the notice on all parties. At that time, no motions for summary judgment were pending, and the case had not reached the stage of jury deliberations. Although motions to dismiss were pending, Rule 41.01 makes no exception for motions to dismiss. *See Rickets*, 533 S.W.2d at 294 (upholding the right of a plaintiff to take a voluntary nonsuit "in the face of the resistance of his adversary"); *see also Willbanks v. Trousdale Cty. Bd. of Educ.*, 1986 WL 1663, at *2 (Tenn. Ct. App. Feb. 7, 1986) ("We find nothing in Rule 41.01 which takes away plaintiffs' right to a voluntary nonsuit when defendant had moved to dismiss plaintiffs' suit."). All parties agree that Rules 23.05, 23.06, and 66 are inapplicable to this case. Moreover, the defendants conceded at oral argument that they had no vested rights that would be affected by a voluntary dismissal without prejudice.

The defendants' sole argument is that Mr. Clark's right to a voluntary dismissal without prejudice is precluded by a statute, specifically, Tennessee Code Annotated § 29-26-122, which requires all plaintiffs in health care liability actions to file a certificate of good faith with the complaint. Tenn. Code Ann. § 29-26-122(a). The Supreme Court has held that the certificate of good faith requirement is mandatory and necessitates strict compliance. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 309 (Tenn. 2012). Thus, the defendants argue that Mr. Clark's failure to file a certificate precludes his right to a voluntary nonsuit. The defendants' reliance on the *Myers* decision is misplaced.

Although compliance with the good faith certificate statute is mandatory, dismissal with prejudice is not automatic. *See Robles v. Vanderbilt Univ. Med. Ctr.*, No. M2010-01771-COA-R3-CV, 2011 WL 1532069, *3 (Tenn. Ct. App. Apr. 19, 2011). Under certain circumstances, the court may excuse the failure to file the certificate or extend the time within which to file the certificate. Tenn. Code Ann. § 29-26-122(a), (c); *see also Myers*, 382 S.W.3d at 307 ("If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance."). Nothing in the certificate of good faith statute expressly "precludes a plaintiff from exercising the 'free and unrestricted' right to dismiss an action without prejudice provided in Tenn. R. Civ. P. 41.01." *Davis v. Ibach*, No. W2013-

02514-COA-R3-CV, 2014 WL 3368847, *4 (Tenn. Ct. App., July 9, 2014), *aff'd on other grounds*, 465 S.W.3d 570 (Tenn. 2015).

While a plaintiff's right to a voluntary nonsuit is "[s]ubject to the provisions of Rule 23.05, 23.06, or Rule 66 or of any statute," we conclude the phrase "of any statute" does not include the certificate of good faith statute. We apply the well-known rules of statutory construction to the interpretation of procedural rules. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011). If the language of the rule is capable of more than one meaning, we "must seek a reasonable construction in light of the purposes, objectives, and spirit of the [rule] based on good sound reasoning." *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 286 (Tenn. 2001) (quoting *State v. Turner*, 913 S.W.2d 158, 160 (Tenn. 1995)). The reference to "any statute" is part of a list which includes Rules 23.05, 23.06, and 66. Each of the listed rules expressly limits a party's right to take a voluntary nonsuit in certain types of cases.[6] When a general phrase follows a more specific list, we construe the general phrase to refer to only the same general class of items as those enumerated. *See State v. Marshall*, 319 S.W.3d 558, 561-62 (Tenn. 2010) (explaining that the canon of ejusdem generis operates to limit the breadth of a general phrase following a list of specific items). Thus, "of any statute" must refer to statutes that specifically limit a party's right to obtain a voluntary nonsuit or otherwise relate specifically to the effect of a voluntary nonsuit.[7] This construction complies with the purpose of Rule 41.01, which was to preserve the historically liberal practice of allowing voluntary nonsuits in circuit court. *See Evans*, 647 S.W.2d at 640. Because the good faith certificate statute does not expressly preclude a plaintiff from taking a voluntary nonsuit and, by its terms, allows a court the discretion to excuse noncompliance under certain circumstances, the statute does not preclude Mr. Clark from taking a voluntary nonsuit.

We conclude the trial court erred in dismissing Mr. Clark's claims against the objecting defendants with prejudice. Rule 41.01 preserves the right of plaintiffs to obtain a

---

[6] Rule 23.05 specifies that "[a] certified class action shall not be voluntarily dismissed or compromised without approval of the court." Tenn. R. Civ. P. 23.05. Rule 23.06 precludes voluntary dismissal or compromise in a shareholder derivative action without the approval of the court. Tenn. R. Civ. P. 23.06. Similarly, Rule 66 prohibits voluntary dismissal in an action "wherein a receiver has been appointed." Tenn. R. Civ. P. 66.

[7] For example, in a suit for the abatement of a nuisance, a Tennessee statute prohibits voluntary dismissal. *See* Tenn. Code Ann. § 29-3-107 (2012) ("No such proceeding shall be voluntarily dismissed except upon a written, sworn statement of the relator or relators of the reasons for dismissal."). Other statutes specify the effect of a voluntary dismissal in certain types of cases. *See id.* §§ 20-6-306 (2009) (determining the prevailing party in cases involving contractual claims for attorney's fees), 20-12-110 (2009) (specifying the successful party for allocation of costs). A plaintiff's right to refile the action after taking a voluntary nonsuit is limited by the saving statute. *Id.* § 28-1-105 (2000). *See Payne v. Matthews*, 633 S.W.2d 494, 496 (Tenn. Ct. App. 1982) ("While Rule 41.01 T.R.C.P. gives a litigant the right to take two voluntary nonsuits, this right is subject to the provisions 'of any statute,' namely T.C.A. [§] 28-1-105.").

voluntary dismissal without prejudice except in limited circumstances, none of which are present in this case. Because Mr. Clark met the requirements of Rule 41.01, the court's job was simply to enter the order required by Rule 41.01(3).[8]

### III. CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court to the extent it granted Mr. Clark's request for a voluntary dismissal. We reverse the decision of the trial court to the extent it dismissed Mr. Clark's claims with prejudice and remand for further proceedings consistent with this opinion. On remand, the trial court should enter an order under Rule 41.01 of the Tennessee Rules of Civil Procedure dismissing Mr. Clark's claims against defendants Dr. John Werther; Oral & Facial Surgery Group P.C.; Dr. Joseph Wiggs; Endodontic Associates, P.A.; Dr. Daniel Price; Dr. Keith Thetford; Oral & Maxillofacial Surgery of Nashville; and Dr. Kevin West without prejudice.

_____
W. NEAL MCBRAYER, JUDGE

---

[8] We note that, although Mr. Clark had the right to a voluntary dismissal without prejudice, he does not necessarily enjoy the right to refile this action. As the Advisory Commission has commented, "[a]lthough Rule 41.01(2) allows two nonsuits without prejudice, a plaintiff must carefully consider the *separate* issue of whether the saving statute, T.C.A. § 28-1-105, authorizes a recommencement of the plaintiff's action after a nonsuit." Tenn. R. Civ. P. 41.01 cmt. (emphasis in original).