IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 1, 2018 Session

## CHERYL DORTCH, PERSONAL REPRESENTATIVE OF ESTATE OF LATAVIUS DUJUAN DORTCH v. METHODIST HEALTHCARE MEMPHIS HOSPITALS, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003805-16     Robert L. Childers, Judge**

___

### No. W2017-01121-COA-R3-CV

___

This is a health care liability case.  Appellant/Plaintiff first filed suit against Appellees/Defendants for medical malpractice in April 2014.  Defendants filed motions to dismiss based on Plaintiff's failure to comply with the pre-suit notice requirements for health care liability claims.  Before the trial court could hear Defendants' motions to dismiss, Plaintiff filed a notice of voluntary nonsuit, and an order was entered thereon. Plaintiff subsequently re-filed her case against Defendants in September 2016 in reliance on the one year savings statute.  Defendants moved the court to dismiss Plaintiff's suit based on the statute of limitations.  The trial court granted Defendants' motions and dismissed Plaintiff's claims with prejudice, holding that, because Plaintiff's original pre-suit notice was defective, her first complaint was untimely and she could not rely on the savings statute to revive a time-barred cause of action.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Michael Harrell, Memphis, Tennessee, for the appellant, Cheryl Dortch.

Eugene J. Podesta, Jr., Memphis, Tennessee, for the appellee, Methodist Healthcare Memphis Hospitals.

James T. McColgan, III and Barret Lemuel Frederick, Cordova, Tennessee, for the appellee, Medical Anesthesia Group.

John Ryland, Memphis, Tennessee, for the apellees, Amara F. Elochukwu and Ahmad H. Altabbaa.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Latavius Dortch presented to Methodist North Hospital on March 28, 2014, with complaints of swollen legs from his knees to his feet. A CT scan showed that his heart was beating at only thirteen percent (13%), and he was admitted to the hospital that day. On April 3, 2014, Latavius Dortch went into surgery to have a defibrillator installed. Appellant Cheryl Dortch, Latavius Dortch's mother, alleges that following the procedure, she was told by a doctor that her son was brain dead due to a lack of oxygen during surgery. Latavius Dortch died on July 11, 2015.

On April 6, 2015, Ms. Dortch, through counsel, attempted to serve Appellees with pre-suit notice of a health care liability claim pursuant to Tennessee Code Annotated section 29-26-121 for the alleged "negligent medical treatment Mr. Dortch received by health care provider(s)" at Methodist North Hospital ("First Notice Letter"). Included with the First Notice Letter was a one page document entitled "Authorization to Release Medical Records," which was executed by Ms. Dortch. Although Ms. Dortch apparently intended this document to serve as a HIPAA compliant medical authorization as required by Tennessee Code Annotated section 29-26-121(a)(2)(E), the authorization only permitted the recipient entity to send the medical records of Latavius Dortch to Plaintiff's counsel. On July 1, 2015, Ms. Dortch, as the purported conservator of Latavius Dortch, filed a complaint for medical malpractice against Appellees, alleging that the negligent medical care and injury to Latavius Dortch began on April 3, 2014 ("First Complaint").

After being served with the First Complaint, Appellees filed motions to dismiss Ms. Dortch's complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure based on Ms. Dortch's failure to comply with Tennessee Code Annotated section 29-26-121. Among other things, Appellees asserted that the medical authorization attached to the First Notice Letter did not comply with the pre-suit notice requirements for health care liability claims found in Tennessee Code Annotated 29-26-121(a)(2)(E).[1] Appellees contended that the HIPAA authorizations were defective because they only authorized the release of Latavius Dortch's medical records to Plaintiff's counsel rather than to each other provider being sent the First Notice Letter as required by section 121(a)(2)(E). However, on September 11, 2015, before the scheduled

---

[1]Additionally, Doctors Altabbaa and Elochukwu asserted that Ms. Dortch sent the First Notice Letter to the wrong addresses, and they therefore never received any pre-suit notice whatsoever.

hearing on Appellees' motions to dismiss, Ms. Dortch filed a notice of voluntary nonsuit of the First Complaint. The trial court entered an order dismissing the First Complaint on September 17, 2015.

On July 6, 2016, Ms. Dortch sent a second letter to Appellees purporting to give pre-suit notice of a health care liability claim pursuant to Tennessee Code Annotated section 29-26-121 for the same alleged negligent medical treatment of Latavius Dortch on April 3, 2014, that was the subject of the First Complaint ("Second Notice Letter"). Ms. Dortch then re-filed her lawsuit on September 16, 2016 ("Second Complaint"). Appellees once again filed motions to dismiss pursuant to Rule 12.02(6). Appellees asserted that because Ms. Dortch's First Notice Letter, particularly her HIPAA authorization, did not substantially comply with the requirements of section 121(a)(2)(E), she was never entitled to use the 120 day extension of the statute of limitations set forth in Tennessee Code Annotated section 29-26-121(c). This, Appellees argued, made Ms. Dortch's First Complaint untimely, and she could not now rely on the savings statute to revive her time-barred lawsuit. Ms. Dortch objected, contending that the trial court should not consider whether the First Complaint was timely filed because she had properly filed a notice of voluntary dismissal pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure before the trial court ever ruled on her compliance with the pre-suit notice requirements. Therefore, according to Ms. Dortch, she was now free to pursue her claims in the Second Complaint pursuant to Tennessee Code Annotated section 28-1-105, which allows a plaintiff to re-file a claim that was previously nonsuited within one year of the voluntary dismissal. Oral argument on Appellees' motions to dismiss was held on March 31, 2017.[2] At the conclusion of the hearing, the trial court granted Appellees' motions to dismiss, and the court entered an order dismissing Ms. Dortch's claims with prejudice on April 21, 2017.

## II. ISSUE PRESENTED

Appellant and Appellees present the same general issue for review on appeal, which we have restated as follows:

> Whether the trial court erred in dismissing Appellant's lawsuit with prejudice as time-barred by the applicable statute of limitations?

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim, pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, challenges the legal sufficiency of a complaint and

---

[2]Memphis Radiological, P.C. was previously dismissed by order of voluntary dismissal entered on February 15, 2017.

is determined by an examination of the pleadings alone. *See Webb. v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). A defendant who files such a motion admits the truth of the relevant and material allegations in the complaint but asserts that those allegations fail to establish a cause of action. *Id.* "In considering a motion to dismiss, courts 'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). On appeal, we review the trial court's legal conclusions regarding the adequacy of the complaint *de novo* with no presumption of correctness. *See Cullum v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013).

The Tennessee Supreme Court has articulated the following additional guidance applicable to a motion to dismiss a health care liability action due to a plaintiff's failure to comply with Tennessee Code Annotated section 29-26-121:

> The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. If the defendant prevails and the complaint is dismissed, the plaintiff is entitled to an appeal of right under Tennessee Rule of Appellate Procedure 3 using the standards of review in Tennessee Rule of Appellate Procedure 13.

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012).

## IV. DISCUSSION

This case involves the interplay of multiple sections of the Tennessee Code. However, the actual question to be answered is fairly straightforward – whether a plaintiff can circumvent the statute of limitations by nonsuiting an untimely complaint and then re-filing the same case within the one year provided by the savings statute.

Our analysis begins with whether Ms. Dortch's First Complaint was actually barred by the one year statute of limitations for health care liability actions set forth in Tennessee Code Annotated section 29-26-116. It is undisputed that Ms. Dortch's cause of action accrued on April 3, 2014, the day of Latavius Dortch's surgery. Therefore, the First Complaint, which was filed on July 1, 2015, falls outside of the one year statute of limitations. Nevertheless, a plaintiff in a health care liability action is granted a 120 day extension of the statute of limitations by complying with pre-suit notice provisions provided in Tennessee Code Annotated section 29-26-121. *See* Tenn. Code Ann. § 29-26-121(c) ("When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider."). Because Ms. Dortch's First Complaint was filed outside of the one year statute of limitations, she would have to give proper pre-suit notice and gain the advantage of the 120 day extension of the statute of limitations in order for the First Complaint to be timely filed.

We must, therefore, look to see whether Ms. Dortch gave proper pre-suit notice to extend the statute of limitations. The following requirements apply to pre-suit notice of health care liability claims:

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

(2) The notice shall include:

(A) The full name and date of birth of the patient whose treatment is at issue;

(B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

(C) The name and address of the attorney sending the notice, if applicable;

(D) A list of the name and address of all providers being sent a notice; and

**(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.**

5

Tenn. Code Ann. § 29-26-121(a)(1)-(2) (emphasis added). Although Ms. Dortch has never admitted that the First Notice Letter failed to include a proper HIPAA compliant medical authorization, there appears to be no dispute that the medical authorization was deficient. The "medical authorization" sent with Ms. Dortch's First Notice letter only permitted the recipient providers to send medical records to Plaintiff's counsel, not to each other provider being sent notice as required by section 121(a)(2)(E). This error has been determined on multiple occasions to be a failure to substantially comply with the pre-suit notice requirements in section 121. *See, e.g., Stevens ex. rel Stevens v. Hickman Cmty. Health Care Servs., Inc.,* 418 S.W.3d 547 (Tenn. 2013) (holding that "Plaintiff's medical authorization failed to satisfy the express requirement of Tenn. Code Ann. § 29-26-121(a)(2)(E) that a plaintiff's medical authorization 'permit[] the provider receiving the notice to obtain medical records from each other provider being sent notice.' . . . Due to Plaintiff's *material noncompliance*, Defendants were not authorized to receive any of the Plaintiff's records.") (emphasis added). *See also Roberts v. Prill*, No. E2013-02202-COA-R3-CV, 2014 WL 2921930 (Tenn. Ct. App. May 14, 2014); *Harmon v. Shore*, No. M2014-01339-COA-R3-CV, 2015 WL 1881467 (Tenn. Ct. App. Apr. 23, 2015), *perm. app. denied* (Tenn. Sept. 16, 2015). Therefore, because Ms. Dortch did not comply with the provisions of section 121, she did not receive the 120 day extension, which made her First Complaint time-barred when filed on July 1, 2015.

In an apparent effort to correct this critical error, Ms. Dortch filed a notice of voluntary dismissal of the First Complaint before Appellee's motions to dismiss could be heard. She then re-filed her complaint in reliance on the savings statute, which provides as follows:

> **If the action is commenced within the time limited by a rule or statute of limitation**, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action . . . the plaintiff . . . may . . . commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a) (emphasis added).

Ms. Dortch argues that the trial court erred in looking back to the First Complaint to determine whether it was filed within the statute of limitations. According to Ms. Dortch, her Second Complaint is an entirely new cause of action, and she should be allowed to proceed without any consideration being given to whether her First Complaint was timely filed. However, we addressed this issue in a similar case, *Byrge v. Parkwest Medical Center*, and held:

> Plaintiff's Second Complaint was filed within the one year of dismissal of

6

the first suit. The real issue, however, is whether Plaintiff's First Complaint was filed within the statute of limitations. **If Plaintiff did not file his suit within the statute of limitations, then Plaintiff would be unable to rely on Tenn. Code Ann. § 28-1-105 to save his cause of action. In order to determine if Plaintiff met the statute of limitations in the filing of his second suit, we must, and the Trial Court properly did, look to the timeliness of the Plaintiff's First Complaint**.

*Byrge v. Parkwest Med. Ctr.*, 442 S.W.3d 245, 248 (Tenn. Ct. App. Jan. 30, 2014) (emphasis added). Ms. Dortch attempts to distinguish this case from *Byrge* because, unlike the plaintiff in *Byrge*, she never stipulated that she failed to comply with section 121 when she filed the First Complaint. However, as we have previously discussed herein, it is clear that Ms. Dortch failed to provide a HIPAA compliant medical authorization with her First Notice Letter. As in *Byrge*, the trial court in this case properly looked to the timeliness of the First Complaint to determine whether the Second Complaint was time-barred.

Finally, Ms. Dortch contends that Appellees waived any statute of limitations defenses to the Second Complaint by not objecting to her voluntary dismissal of the First Complaint. We disagree. Rule 41.01 of the Tennessee Rules of Civil Procedure, allowed Ms. Dortch the right to take a voluntary nonsuit without prejudice without seeking leave of the court or the consent of any other party. This rule is subject to some exceptions in which a party's ability to voluntarily nonsuit their case is within the discretion of the trial court, but in the case at bar, Ms. Dortch did not need the consent of the trial court or opposing parties in order to voluntarily dismiss her action. In short, there was no reason for Appellees to object to Ms. Dortch voluntarily dismissing a case that was clearly filed outside of the statute of limitations. The "right to voluntary dismissal without prejudice does not override any applicable statute of limitations. Whether a refiled action is barred by the statute of limitations is determined by the applicable statutes of limitations and savings statute, if any, and not by Rule 41.01." Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 9-2(b) (4th ed. 2015) (citing *Payne v. Matthews*, 633 S.W.2d 494 (Tenn. Ct. App. 1992)). We affirm the trial court's determination that Ms. Dortch's Second Complaint was barred by the statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court dismissing Appellant's claims. Costs of this appeal are taxed to the appellant, Cheryl Dortch, and her surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE